■ HANIFE ARDOLAJ et al., Respondents, v TWO BROADWAY LAND COMPANY, Sued Herein as OLYMPIA & YORK 2 BROADWAY LAND COMPANY, Appellant and Third-Party Plaintiff-Appellant. ISS INTERNATIONAL SERVICE SYSTEMS, INC., Third-Party Defendant-Respondent. [714 NYS2d 12] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 6, 2000, which, in an action by plaintiff cleaning person for personal injuries sustained in a fall allegedly caused when an elevator in defendant-appellant's building misleveled, denied defendant's motion for summary judgment dismissing the complaint as against it, and granted the motion of third-party defendant-respondent, plaintiff's employer, for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

At this juncture, it cannot be said that the doctrine of res ipsa loquitur will not be available to plaintiff at trial, given the evidence that the elevator in question misleveled by up to six inches, that defendant was exclusively responsible for mainte-

nance of the elevator, that plaintiff did not in any way cause the elevator to mislevel, and a question of fact as to whether plaintiff's injury was caused by the alleged misleveling (*see, Dickman v Stewart Tenants Corp.*, 221 AD2d 158, citing *Burgess v Otis El. Co.*, 114 AD2d 784, 785-787, *affd* 69 NY2d 623). Application of the doctrine raises an inference of negligence, supported by plaintiff's affidavit stating that the elevator had previously misleveled numerous times during the six months preceding the incident, that was not overcome by defendant's evidence that the elevator was regularly inspected and maintained. The same affidavit also raises an issue of fact as to whether defendant had constructive notice of a defect that caused the elevator to mislevel (*see, id.*, citing *Rogers v Dorchester Assocs.*, 32 NY2d 553, 559-562). The third-party complaint was properly dismissed in the absence of any evidence that third-party defendant was in any way responsible for the elevator's maintenance, or aware of any problems concerning the elevator's operation. Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.