■ Prec Gjonaj et al., Appellants, v Otis Elevator Company et al., Respondents, et al., Defendant. H.J. Kalikow & Co., LLC, et al., Third-Party Plaintiffs, v OneSource, Third-Party Defendant. [832 NYS2d 189]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered December 7, 2005, which, in an action for personal injuries allegedly sustained when the freight elevator in which plaintiff, a porter, was riding suddenly dropped several floors, granted motions by defendants building owners and elevator service contractor and its parent company for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants demonstrated their prima facie entitlement to summary judgment as a matter of law by showing that there had been no prior complaints about the elevator, including from plaintiff in the six months he had been working as an elevator

operator, and that no dropping problems with the elevator were indicated in the records of the elevator contractor, which serviced the elevator on a monthly basis (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713-714 [2005]; *Petro v New York Life Ins. Co.*, 277 AD2d 213 [2000]; *Farmer v Central El.*, 255 AD2d 289 [1998]). In opposition, plaintiff failed to raise a triable issue of fact whether, as claimed, the elevator had been the subject of "numerous complaints over the years." In order to establish notice based on prior accidents, plaintiff was required to produce evidence that the prior accidents were similar in nature to the accident alleged here and caused by the same or similar contributing factors (*Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 60-61 [2006]; *see also Mitchell v New York Univ.*, 12 AD3d 200, 200 [2004] [notice must call attention to specific defect alleged]). While plaintiff submitted pleadings and excerpts of deposition testimony from an unrelated case, that accident occurred over five years before plaintiff's accident, and there is no evidence that the elevator remained in the same condition in the intervening period. Moreover, the unverified pleadings in that case do not establish that the alleged dropping malfunction therein was proved, or that it was caused by the same defect that caused the alleged drop herein. In the circumstances, plaintiff's proof of notice is entirely speculative and insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.