■ TONI LAPIN, Appellant, v ATLANTIC REALTY APTS. CO., LLC, et al., Respondents. [851 NYS2d 543]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered March 26, 2007, which granted defendant Century Elevator's motion and defendant Atlantic Realty's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured when her dog's leash slipped into the two-inch gap at the elevator door tread, causing her hand to be pulled into the closing doors. Defendants demonstrated their prima facie entitlement to summary judgment as a matter of law by showing there had been no prior complaints about the elevator, from plaintiff or anyone else, since its renovation and modernization three months prior to the accident. Evidence established that Century, which serviced the elevator on a twice-monthly basis, had recorded no problems with the elevator's electronic eye door sensors in the three months since their installation (see Gjonaj v Otis El. Co., 38 AD3d 384 [2007]). The property owner's marginally untimely cross motion for summary judgment was properly considered by the court because it raised nearly identical issues, inter alia, of lack of proof of defect and notice, as asserted in Century's timely motion; the court properly searched the record to grant appropriate relief (see Altschuler v Gramatan Mgt., Inc., 27 AD3d 304 [2006]).

Plaintiff's opposition papers, including affidavits by herself and an expert safety engineer, failed to raise an issue of fact as to the existence of a defect, and whether defendants had actual or constructive notice. The expert, who inspected the elevator four years after the incident, offered an unsubstantiated conclusion that the elevator doors would not have closed on plaintiff's hand had the electronic sensors been working properly. Plaintiff's averments that defendants had prior notice of the elevator's malfunctioning through prior complaints constituted inadmissible hearsay, absent firsthand evidence. To the extent plaintiff averred that she had seen prior complaints recorded in the building's lobby logbook, she failed to move for its production. Further, there was no evidence from plaintiff that the alleged prior incidents involved the same or similar defects as those that caused her accident (see *Gjonaj*, 38 AD3d at 385). On this record, plaintiff's proof of notice was entirely speculative and insufficient to raise a triable issue of fact. Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ. [*See* 2007 NY Slip Op 30324(U).]