■ JERRY LEVINE et al., Appellants, v CITY OF NEW YORK, Respondent. [888 NYS2d 55]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered May 27, 2008, which, in an action for personal injuries allegedly caused by malfunctioning elevator doors that closed too quickly as plaintiff was exiting the elevator, granted defendant premises owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Assuming defendant, the City of New York, had a nondelegable duty to maintain the elevators in this building, a courthouse, in a reasonably safe condition, even though it had ceded all responsibility for maintenance and repair of the elevators to an independent contractor, a showing that defendant had notice of the alleged malfunction would still be necessary (see Camaj v East 52nd Partners, 215 AD2d 150, 151 [1995]). No such showing was made by plaintiff in response to defendant's evidence that prior to the accident there had been no complaints that the subject elevator's doors were closing too quickly, and it does not avail plaintiff that defendant did have notice that the elevator's

doors were not opening and closing—a different mechanical problem (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]; *Lapin v Atlantic Realty Apts. Co., LLC*, 48 AD3d 337, 338 [2008]; *Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009]). Nor does the doctrine of res ipsa loquitur avail plaintiff where defendant had ceded all maintenance and repair responsibility to an independent contractor (*see Hodges v Royal Realty Corp.*, 42 AD3d 350, 351-352 [2007]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 31445(U).]