█ Pueng Fung, Respondent, v 20 West 37th Street Owners, LLC, et al., Defendants, Centennial Elevator Industries, Inc., Respondent, and Winoker Realty Company, Inc., Appellant. (And Other Actions.) [903 NYS2d 392]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 13, 2009, which, insofar as appealed from, denied defendant Winoker Realty Company, Inc.'s motion for summary judgment dismissing plaintiff's complaint, unani-

mously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against Winoker. The Clerk is directed to enter judgment accordingly.

Since Winoker's first motion for summary judgment was directed to co-defendant 20 West 37th Street Owners, LLC, the owner of the building, for defense and indemnification, its second motion for summary judgment was the first one directed to plaintiff's complaint, and, as such, was not an impermissible multiple motion (*see Olszewski v Park Terrace Gardens, Inc.*, 18 AD3d 349 [2005]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, at 30).

Addressing the merits, plaintiff alleges that on February 24, 2003, after he used the key to open one of the service elevators in the building where he worked, he stepped into the elevator shaft and fell 15 feet, landing in the elevator pit. He alleges that the safety lock, known as the "parking device," which keeps the doors closed when the elevator car is not at the floor, failed to function, causing his injuries.

Assuming defendant Winoker, the managing agent, had exclusive custody and control of the subject premises, a showing that defendant had notice of the alleged malfunction would still be necessary (*see Levine v City of New York*, 67 AD3d 510 [2009]). Winoker met its burden of showing that it neither created nor had actual or constructive notice of the alleged defect in the door's parking device, and plaintiff failed to raise an issue of fact in opposition (*see Narvaez v New York City Hous. Auth.*, 62 AD3d 419 [2009], *lv denied* 13 NY3d 703 [2009]; *Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]).

Contractual indemnification against Centennial is not warranted, because the contract does not provide for indemnity. Moreover, since no finding of negligence against Centennial has yet been made (*cf. Haynes v Estate of Goldman*, 62 AD3d 519, 521 [2009]), Winoker is also not entitled to summary judgment on its claim for common-law indemnification against Centennial, as such a finding would be premature at this time (*see e.g. Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 366 [2006], *lv dismissed* 7 NY3d 864 [2006]). Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.