■ MANHATTAN PROPERTIES, INC., Plaintiff, v 9 EAST 30TH REALTY LLC et al., Defendants. (And a Third-Party Action.) 9 EAST 30TH REALTY LLC, Second Third-Party Plaintiff-Respondent, v WALDORF CARTING CORP., Second Third-Party Defendant-Appellant, and PROTECH INTERIORS, INC., Second Third-Party Defendant-Respondent. [914 NYS2d 21]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 27, 2009, which, to the extent appealed from, denied second third-party defendant Waldorf Carting Corp.'s motion for summary judgment dismissing the second third-party complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Waldorf dismissing the second third-party complaint and all cross claims as against it.

The extensive, and in material part, uncontradicted deposition testimony, along with photographs and certain other evidence, eliminates any factual dispute as to the cause of the collapse of the party wall between 7 East 30th Street and 9 East 30th Street. The record demonstrates conclusively that the earlier partial collapse of the interior of the building at 9 East

30th Street, during which several floors and floor joists collapsed, resulting in the removal of structural elements of the walls, and the subsequent demolition and attempted reconstruction work therein, compromised the structural integrity of the party wall between the buildings. Indeed, defendant 9 East 30th Street Realty LLC was cited for numerous violations for nonpermitted construction and demolition work, stop-work orders were issued and typically ignored, emergency work was required to stabilize the building and shore up its walls, and eventually the building had to be demolished.

9 East 30th Street Realty LLC failed to raise an inference that the minor nonstructural renovations Waldorf was performing in the first floor of the building at 7 East 30th Street, such as removing decorative paneling from the party wall, were a causative factor in the wall's collapse. If anything, the fact that the collapse occurred shortly after the renovations commenced reinforces the conclusion that the wall was already unsustainably fragile.

To the extent that 9 East 30th Realty LLC relies on the affidavit by an engineer who visited the site four years after the event—and after the building at 9 East 30th Street had been demolished—such reliance is unavailing, since the expert's conclusions are not factually substantiated (*see e.g. Lapin v Atlantic Realty Apts. Co., LLC*, 48 AD3d 337, 338 [2008]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31939(U).]**