■ RATHA MAK, Respondent, v SILVERSTEIN PROPERTIES, INC.; Respondent, and 120 BROADWAY HOLDINGS, LLC, Appellant, et al., Defendants. RATHA MAK, Respondent, v SILVERSTEIN PROPERTIES, INC., Appellant, and 120 BROADWAY HOLDINGS, LLC, Respondent, et al., Defendants. (And Other Actions.) [916 NYS2d 592]—

Orders, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 14, 2009, and June 14, 2010, which, insofar as appealed from as limited by the briefs, denied Silverstein Properties Inc.'s and 120 Broadway Holdings, LLC's motions for summary judgment on their cross claims for contractual and common-law indemnification; and granted plaintiff's motion for reargument of the October 14, 2009 order and upon reargument, denied Silverstein's motion for summary judgment on plaintiff's Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to dismiss the cross claims for contractual indemnification, and otherwise affirmed, without costs.

The court properly denied Silverstein's motion for summary judgment on plaintiff's Labor Law § 200 and common-law negligence claims. Issues of fact remain as to whether Silverstein created the allegedly dangerous condition existing thereon or had notice thereof (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264 [2008]; *DeSilva v City of New York*, 15 AD3d 252, 254 [2005]).

While 120 Broadway's intent to indemnify Silverstein for Silverstein's negligence can be discerned from the indemnification provision in the management agreement, that provision is void under General Obligations Law § 5-322.1 (*see Haynes v Estate of Goldman*, 62 AD3d 519 [2009]). Accordingly, Silverstein's cross claim for contractual indemnification is dismissed.

120 Broadway's claim for contractual indemnification also fails as a matter of law and is dismissed, as the plain language of the indemnification provision shows that Silverstein agreed to indemnify 120 Broadway only for liability arising out of those acts or omissions of Silverstein "in violation of the agreement," outside the scope of Manager's authority, or otherwise constituting gross negligence, but did not agree to indemnify 120 Broadway for Silverstein's acts of negligence.

The court properly denied summary judgment on 120 Broadway's cross claim for common-law indemnification because Silverstein's negligence has not yet been established (*see Pueng Fung v 20 W. 37th St. Owners, LLC,* 74 AD3d 635 [2010]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.