■ Clorinda Rivera, Appellant, v Merrill Lynch/WFC/L/ Inc. et al., Respondents, et al., Defendants. [922 NYS2d 399]—

Order and judgment (one paper), Supreme Court, New York

County (Carol R. Edmead, J.), entered on or about November 10, 2009, which, insofar as appealed from as limited by the briefs, in an action for personal injuries sustained when the escalator on which plaintiff was riding suddenly began to shake, causing her to fall, granted defendants' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Defendants owners, managers and lessees established their entitlement to judgment as a matter of law by showing that there was no evidence that they created or had actual or constructive notice of the allegedly hazardous condition (*see Beck v J.J.A. Holding Corp.*, 12 AD3d 238, 240 [2004], *lv denied* 4 NY3d 705 [2005]). There was no evidence that the escalator at issue was in a defective condition at the time of plaintiff's fall (*see Cortes v Central El., Inc.*, 45 AD3d 323, 324 [2007]; *Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]). Moreover, with respect to the Fujitec defendants, charged with maintaining the escalator in a safe operating condition, the record demonstrates that there was no defective condition that Fujitec could have discovered through the exercise of reasonable care (*see Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]).

In opposition, plaintiff failed to raise a triable issue of fact. She did not submit any expert testimony or other evidence supporting her contention that the escalator was defective and that such defect caused the accident. Indeed, she testified that she had ridden on the subject escalator on numerous occasions without incident, and knew of no complaints. Furthermore, there was no "visible and apparent" defect prior to the accident so as to constitute constructive notice (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiff's allegations of constructive notice were entirely speculative (*see Lapin v Atlantic Realty Apts. Co., LLC*, 48 AD3d 337 [2008]). Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 32477(U).]**