■ IVONNE CRUZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [939 NYS2d 55]—

Plaintiff was riding in an elevator when it stopped halfway between the eleventh and twelfth floors of her building. When she jumped out of the elevator to the eleventh floor several feet below, she fell and sustained injuries to her right side. The misleveling of the elevator was attributed to a metal bed frame that had apparently been discarded down the elevator shaft. The frame impacted the roof of the elevator car and damaged the mechanism responsible for causing the car to properly level at each floor.

Defendant NYCHA established its entitlement to judgment as a matter of law by showing there had been no complaints about the misleveling condition prior to the accident. The record shows that NYCHA, which serviced the elevator on a regular basis, had recorded no problems with the elevator misleveling (*see Isaac v 1515 Macombs, LLC,* 84 AD3d 457, 458 [2011], *lv denied* 17 NY3d 708 [2011]; *Parris v Port of N.Y. Auth.,* 47 AD3d 460, 461 [2008]). Nor did it have notice of the misleveling of the elevator due to debris being discarded down the elevator shaft.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff did not provide evidence demonstrating that there were prior accidents involving a similar malfunctioning of the elevator at issue (*see Narvaez v New York City Hous. Auth.,* 62 AD3d 419 [2009], *lv denied* 13 NY3d 703 [2009]; *Lapin v Atlantic Realty Apts. Co., LLC,* 48 AD3d 337, 338 [2008]). Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.