■ FERN MARTIN, Respondent, v KONE, INC., Appellant. [941 NYS2d 588]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 26, 2011, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This is action for personal injuries allegedly suffered by plaintiff when she was struck by an elevator door that failed to retract while she was attempting to exit the elevator. Contrary to the motion court's determination, defendant elevator maintenance company established that it did not have actual or

constructive notice of a defective detector edge on the elevator door and did not fail to use reasonable care to correct a condition of which it should have been aware (*see Gjonaj v Otis El. Co.*, 38 AD3d 384, 385 [2007]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713 [2005]).

In opposition, plaintiff failed to raise a triable issue of fact on the issue of actual or constructive notice. There was no evidence that the prior incidents identified in the work tickets "were of a similar nature to the accident giving rise to this lawsuit" or "were caused by the same or similar contributing factors" (*Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 60-61 [2006]; *see Levine v City of New York*, 67 AD3d 510, 510-511 [2009]).

Plaintiff also failed to raise an issue of fact as to defendant's negligent maintenance since her expert's affidavit contained mere speculation, unsupported by any evidentiary foundation (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). The expert failed to provide the results of his "examination" of the elevator and elevator room, or identify the basis for his conclusion that plaintiff's accident was caused by defendant's failure to maintain the elevator in accordance with industry standards.

However, defendant's witness testified that he did not know what type of detector edge was on the elevator or whether the detector edge had multiple beams in it. Thus, there was no evidence in the record that plaintiff had access to the mechanism that would cause the door to retract (*see Gutierrez v Broad Fin. Ctr., LLC*, 84 AD3d 648 [2011]; *Ianotta v Tishman Speyer Props., Inc.*, (46 AD3d 297, 298 [2007]). Therefore, defendant is not entitled to summary judgment. Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.