■ DEBRA DALDER, Respondent, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Respondents, and EL MARIACHI RESTAURANT, INC., Appellant. [983 NYS2d 835]—

In an action to recover damages for personal injuries, the defendant El Mariachi Restaurant, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered July 25, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

According to the plaintiff, on or about October 6, 2010, she tripped and fell on a sidewalk in front of a restaurant operated by the defendant El Mariachi Restaurant, Inc. (hereinafter El Mariachi), sustaining injuries. On or about December 30, 2010, the plaintiff commenced this action against, among others, El Mariachi. El Mariachi moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, concluding that, while El Mariachi established its prima facie entitlement to judgment as a matter of law, in opposition, the plaintiff raised a triable issue of fact.

"An owner or occupier of land which abuts a public sidewalk owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except where the abutting owner or lessee either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon that party for injuries caused by a violation of that duty" (*O'Toole v City of Yonkers*, 107 AD3d 866, 867 [2013] [internal quotation marks and citation omitted]; *see Berkowitz v Spring Cr., Inc.*, 56 AD3d 594, 595-596 [2008]; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]).

In support of its motion, El Mariachi established its prima facie entitlement to judgment as a matter of law. It is not alleged that El Mariachi made any special use of the sidewalk. El Mariachi established prima facie that it did not voluntarily but negligently perform sidewalk repairs. Further, while section 287-9 of the Code of the Village of Rockville Centre does impose a duty on, among others, lessees and tenants to keep contiguous sidewalks in good and safe repair, it does not impose tort liability upon such parties for injuries caused by a violation of that duty (*see generally O'Toole v City of Yonkers*, 107 AD3d at 867; *Taubenfeld v Starbucks Corp.*, 48 AD3d 310, 311 [2008]). Moreover, El Mariachi established, prima facie, that it did not create the defect alleged to have caused the plaintiff's injuries.

In opposition to El Mariachi's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a

third party, such as the plaintiff (*see Collado v Cruz*, 81 AD3d 542, 542 [2011]).

As to creation of the alleged defect, the plaintiff's expert concluded, among other things, that employees of El Mariachi created the dangerous condition by their use of ice-melting agents on the sidewalk. However, the expert's affidavit was conclusory and speculative, as he failed to provide a basis for his conclusions regarding the cause of the alleged defect (*see Martin v Kone, Inc.*, 94 AD3d 446, 447 [2012]; *Reyes v City of New York*, 29 AD3d 667, 667-668 [2006]; *Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646, 648 [2005]; *Matter of Mark v Schneider*, 305 AD2d 685, 686 [2003]). Additionally, the expert's affidavit was based, in part, on facts not supported by the evidence (*see Fenty v Seven Meadows Farms, Inc.*, 108 AD3d 588, 589 [2013]; *Krash v Bishop-Sanzari, J.V.*, 309 AD2d 788, 789 [2003]). Moreover, although the expert is a licensed engineer, he did not establish that he had any specialized knowledge, experience, training, or education regarding sidewalk safety or maintenance so as to qualify him to render an opinion in that area (*see Y.H. v Town of Ossining*, 99 AD3d 760, 762 [2012]; *O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]; *Rosen v Tanning Loft*, 16 AD3d 480, 481 [2005]). Thus, the plaintiff failed to raise a triable issue of fact as to whether El Mariachi created the alleged dangerous condition.

The plaintiff's remaining contentions are without merit (*see generally O'Toole v City of Yonkers*, 107 AD3d at 867; *Berkowitz v Spring Cr., Inc.*, 56 AD3d at 595-596; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d at 726).

Accordingly, the Supreme Court should have granted El Mariachi's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.