■ Louis Vilella et al., Respondents, v Witkoff Group, LLC, et al., Appellants, and Cammeby's Management Company, LLC, Respondent. [51 NYS3d 884]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered May 2, 2016, which, insofar as appealed from as limited by the briefs, denied the motion of defendants 233 Broadway Owners, LLC and the Witkoff Group, LLC for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Dismissal of the complaint is warranted in this action where plaintiff was injured when, while performing an inspection of an elevator in defendants' building, the governor cable of the elevator snapped and struck him. Plaintiff does not dispute that the work ticket summaries for the elevators in the building at issue for the six months prior to his accident do not indicate any problem with the governor cable. Accordingly, his assertion, essentially, that the alleged defect ought to have been discovered, notwithstanding the lack of indication of a problem in the work ticket summaries and the lack of complaints, is speculative (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [1st Dept 2007]; *compare McLaughlin v Thyssen Dover El. Co.*, 117 AD3d 511 [1st Dept 2014]). Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.