■ MAGALY ROJAS, Respondent, v NEW YORK ELEVATOR & ELECTRIC CORPORATION et al., Respondents-Appellants, and 45 WEST HOTEL LIMITED PARTNERSHIP, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) [56 NYS3d 38]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered October 6, 2016, which denied defendants New York Elevator & Electric Corporation and ThyssenKrupp Elevator Corporation's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Order, same court and Justice, entered November 2, 2016, which denied defendant 45 West Hotel Limited Partnership's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff is employed by nonparty 35 Street Hotel Corp. d/b/a Hotel Metro, which occupies premises pursuant to a lease with defendant 45 West Hotel Limited Partnership (45 West). Plaintiff alleges that she was injured when she attempted to remove a cart from the hotel's service elevator after it misleveled.

Defendant 45 West failed to make a prima facie showing that it is an out-of-possession landlord with no obligation to make repairs, because the lease that it produced is illegible. In addition, the record shows that 45 West executed a repair contract with defendant New York Elevator & Electric Corporation, predecessor to defendant ThyssenKrupp Elevator Corporation. Accordingly, the motion court properly denied its motion for summary judgment.

The misleveling of an elevator does not ordinarily occur in

the absence of negligence, and the misleveling of the elevator in this case was caused by an instrumentality or agency within the defendants' exclusive control and was not due to any voluntary action on plaintiff's part. Accordingly, the evidence is sufficient to warrant submission of the case against the defendants to a jury on a theory of res ipsa loquitur (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159, 163 [1st Dept 2015] ["Notice of a defect is inferred when the doctrine applies and the plaintiff need not offer evidence of actual or constructive notice in order to proceed"]; *see also Ardolaj v Two Broadway Land Co.*, 276 AD2d 264 [1st Dept 2000]; *Felder v Host Marriott Corp.*, 276 AD2d 276 [1st Dept 2000]; *Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1st Dept 1995]; *Burgess v Otis El. Co.*, 114 AD2d 784, 785-787 [1st Dept 1985], *affd* 69 NY2d 623 [1986]).

Contrary to defendants' contention, plaintiff's attempt to remove her supply cart from the allegedly misleveled elevator was not extraordinary, unforeseeable, or so far removed from the defendants' conduct as to constitute a superseding act as a matter of law (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.