Dzidowska v Related Cos., LP (2018 NY Slip Op 00074)





Dzidowska v Related Cos., LP


2018 NY Slip Op 00074


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5370 452293/14

[*1]Barbara Dzidowska, Plaintiff-Respondent,
v
The Related Companies, LP, et al., Defendants-Respondents-Appellants, Fujitec America Inc. doing business as Fujitec Serge of New York, Defendant-Appellant-Respondent.


Swartz Law Offices, New York (Gerald N. Swartz of counsel), for appellant-respondent.
London Fischer LLP, New York (Brian P. McLaughlin of counsel), for respondents-appellants.
The Platta Law Firm, PLLC, New York (Brian J. Vannella of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 21, 2016, which, to the extent appealed from as limited by the briefs, denied defendant 400 E. 84th Street Associates, LP's motion for summary judgment, and denied defendant Fujitec America Inc.'s cross motion for summary judgment, unanimously affirmed, without costs.
Supreme Court correctly denied 400 E. 84th Street (the owner) summary judgment dismissing the complaint, as issues of fact exist as to whether the owner of the apartment building where plaintiff fell while entering an elevator had notice of a misleveling/releveling condition of the elevator (see Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [1st Dept 2011], lv denied 17 NY3d 708 [2011]; Bonifacio v 910-930 S. Blvd., 295 AD2d 86, 91 [1st Dept 2002]). The record contained ample evidence from which a jury could find that the owner had actual notice of a recurring, misleveling problem with the elevator, based on prior similar incidents shown in the building's logbook and based on service records of Fujitec, which had contracted to maintain the elevator (see Martin v Kone, Inc., 94 AD3d 446, 447 [1st Dept 2012]; Gjonaj v Otis El. Co., 38 AD3d 384, 385 [1st Dept 2007]). Fujitec's servicing of the elevator in response to those prior complaints raises an issue of fact as to notice (see Ardolaj v Two Broadway Land Co., 276 AD2d 264, 265 [1st Dept 2000]).
Supreme Court correctly denied the owner conditional summary judgment on its cross claim for common-law indemnification against Fujitec, as there is an issue of fact as to whether the owner's liability, if any, is vicarious (see Linares v Fairfield Views, 231 AD2d 418, 420 [1st Dept 1996], lv dismissed in part and denied in part 89 NY2d 978 [1997]). Due to the adverse inference charge the court previously granted against the owner, a jury might find that the owner had actual notice of the misleveling defect on the day of the accident, before plaintiff's injury. In addition, given the adverse inference charge, a jury could find that the owner was negligent in either failing to timely notify Fujitec of the misleveling defect, or in failing to remove the elevator from service. Such negligence would bar the owner from obtaining common-law indemnification from Fujitec (see Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010]).
Supreme Court correctly denied Fujitec's motion for summary judgment. Given the disputed issues of fact as to notice of the misleveling/releveling condition of the elevator, and the fact that the accident occurred less than a week after Fujitec had serviced the elevator for releveling, an issue of fact exists as to whether Fujitec failed to maintain the elevator in a reasonably safe operating condition (see Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]).
In addition, the doctrine of res ipsa loquitur precludes summary judgment (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]; see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 162 [1st Dept 2015]). "The misleveling of an elevator does not ordinarily occur in the absence of negligence" (Rojas v New York El. & Elec. Corp., 150 AD3d 537, 537-538 [1st Dept 2017]). Further, the misleveling was apparently caused by an instrumentality within Fujitec's exclusive control and was not due to any voluntary action on plaintiff's part. The application of res ipsa loquitur is not "overcome by [Fujitec's] evidence that the elevator was regularly inspected and maintained" (Ardolaj, 276 AD2d at 265). Given the applicability of res ipsa loquitur, plaintiff was not required to identify a malfunction or defect in the elevator (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]).
We have considered appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK