Lilly v City of New York (2018 NY Slip Op 03314)





Lilly v City of New York


2018 NY Slip Op 03314


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6472 113800/10

[*1]Anthony Lilly, Plaintiff-Appellant,
v
The City of New York, et al., Defendants, New York City Housing Authority, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Sharyn Rootenberg of counsel), for respondent.



Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2016, which granted the motion of defendant New York City Housing Authority for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
Summary judgment was improperly granted in this action where plaintiff was injured when the elevator door in defendant's building unexpectedly closed on him as he attempted to enter the elevator. Contrary to the finding of the motion court, the evidentiary doctrine of res ipsa loquitur is applicable under the circumstances presented since plaintiff testified that the elevator door, which was closed by electronic sensors and did not have rubber safety bumpers, suddenly and unexpectedly closed (see Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 77-78 [1st Dept 2017]; Ianotta v Tishman Speyer Props., Inc., 46 AD3d 297, 298—299 [1st Dept 2007]; compare Feblot v New York Times Co., 32 NY2d 486, 496 [1973]).
In addition, plaintiff testified that the elevator door was malfunctioning for several months and proferred an affidavit by a tenant who averred to the elevator doors malfunctioning. This is sufficient evidence of constructive notice to defeat defendant's showing that the elevator was regularly maintained (see Ardolaj v Two Broadway Land Co., 276 AD2d 264 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK