■ ROZETA CAMAJ et al., Respondents-Appellants, v EAST 52ND PARTNERS et al., Respondents, and SCHINDLER ELEVATOR CORPORATION, Appellant-Respondent. [626 NYS2d 110] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 15, 1994, which granted defendants East 52nd Partners' and Jones Lang Wooton, USA's motion for summary judgment and plaintiff's cross motion to compel production of a witness for a deposition, and judgment, same court and Justice, entered July 28, 1994, which dismissed plaintiffs' complaint and defendant Schindler Elevator Corporation's cross claims against East 52nd Partners and Jones Lang Wooton, unanimously modified, on the law, to the extent of denying East

52nd Partners' motion for summary judgment dismissing the complaint as against it, reinstating the complaint as against East 52nd Partners, and granting East 52nd Partners' motion for summary judgment on its cross claim for indemnification against Schindler Elevator Corporation, and otherwise affirmed, without costs. Appeal by Schindler Elevator Corporation from the decision of the same court and Justice, entered February 28, 1994, unanimously dismissed as taken from a nonappealable paper, without costs.

The relevant undisputed evidence before the IAS Court established that just prior to the accident, the owner, East 52nd Partners, through its building manager, Jones Lang Wooton, USA, became aware that the elevator in which plaintiff was later injured had ceased functioning and required service. A service call was made to Schindler Elevator Corporation, who had a contract with East 52nd to maintain and repair all elevators in the building. The contract provided for 42 hours per-month minimum preventive maintenance, 24 hours per-day emergency minor adjustment service and periodic safety testing and performance evaluations, and for all repair and maintenance to be exclusively performed by Schindler. In addition, the building personnel were instructed to notify Schindler whenever a problem arose and to do no repair work themselves. The car was promptly serviced by a Schindler mechanic and immediately restored to full operation, but, shortly thereafter, while in use by plaintiff, dropped suddenly, stopped and bounced several times, allegedly causing her injury.

East 52nd, as owner of a multiple dwelling, owed a nondelegable duty to persons on its premises to maintain the elevator in a reasonably safe condition (Multiple Dwelling Law § 78). Plaintiff, therefore, can maintain the action against East 52nd even though the responsibility for maintenance had been transferred to another (Rogers v Dorchester Assocs., 32 NY2d 553), provided East 52nd had notice, actual or constructive, of the malfunction (supra, at 562).

Whether the elevator's failure to operate in the first instance constituted notice to East 52nd of the condition that allegedly caused the accident is a triable issue of fact precluding summary judgment in favor of East 52nd and against plaintiff. In addition, an issue of constructive notice is raised by the affidavit of plaintiff's expert engineer claiming that the high speed stop and bouncing of the elevator resulted from improper elevator maintenance over a period of time.

However, based upon Schindler's extensive contract to handle all maintenance and inspection and the prompt notification to Schindler of the trouble, East 52nd's liability here arises, if at all, solely by reason of its non-delegable duty. Actual negligence, if found, must be attributable to the acts or omissions of Schindler. Accordingly, there are no triable issues precluding summary judgment in favor of East 52nd on its cross claim against Schindler for indemnification, and we grant that upon a search of the record *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.