(April 26, 2007)

■ ANTONINA DUBEC, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [834 NYS2d 165]—

Judgment, Supreme Court, New York County (David B. Krogmann, J.), entered October 25, 2005, which, following a jury trial, awarded plaintiff damages in the principal amount of $492,061, plus costs and 5.8% interest, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded for a new trial.

On August 13, 2000, plaintiff, who was 66 at the time, was injured while stepping into an elevator of her apartment building. Plaintiff claimed that when she entered the lobby after returning from grocery shopping, neither elevator was there. She and another woman waited. When an elevator arrived, plaintiff tripped and fell because the elevator was not level with the floor. Eyewitnesses for defendant testified that plaintiff, who was carrying several bags, ran to catch the already open elevator.

The jury found that defendant negligently failed to maintain,

repair or prevent the "misleveling" of the elevator and that defendant knew or should have known of this condition on the day of plaintiff's accident. In addition, the jury found that the misleveling was a substantial cause of plaintiff's injuries, and that while plaintiff was comparatively negligent, her negligence was not a substantial cause of her injuries. The jury then apportioned 25% fault to plaintiff and 75% to defendant. In light of the apparent inconsistency, defense counsel requested that the court direct the jury to reconsider the verdict. The court denied the request on the assumption that the jury had determined that plaintiff's 25% comparative negligence was not "a substantial amount" of fault. The judgment entered on the verdict does not reflect the jury's finding that plaintiff was 25% at fault.

The jury's verdict was inherently inconsistent (*see Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [2004]), and, as defense counsel objected to the verdict at a time when the jury could have cured or clarified the inconsistency, the court should have directed the jury to either reconsider the verdict or ordered a new trial (CPLR 4111 [c]; *see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 41 [1980]; *Palmer v Walters*, 29 AD3d 552 [2006]). Instead, the court engaged in improper speculation as to the jury's thought process (*see Mars Assoc. v New York City Educ. Constr. Fund*, 126 AD2d 178, 190 [1987], *lv dismissed* 70 NY2d 747 [1987]).

This error requires reversal. Although we are remanding for a new trial, we pass on several other issues raised on this appeal which may arise at a new trial.

The photographs introduced by plaintiff taken at an unspecified time the month after the accident were properly admitted, over defendant's objection, for the limited purpose of demonstrating that the "misleveled" condition of the elevator on the day of the accident was substantially the same as depicted in the photos (*see Diakovasilis v Bright & Sunny Corp.*, 265 AD2d 294 [1999], *lv denied* 94 NY2d 762 [2000]; *cf. Moore v Leaseway Transp. Corp.*, 49 NY2d 720, 723 [1980]). Although the court indicated at the time the photos were introduced that it would later instruct the jury about this evidence, it failed to do so during the main charge. It was only after the jury asked the court, during deliberations, to give instructions about the "use and weight" of the photos that the court cautioned the jury that plaintiff offered the photos to demonstrate that the condition of the elevator was substantially the same as it was when her accident occurred and that they did not "show the condition of the elevator on the date of the accident." The court should have

given this instruction during the main charge, and, in order to alleviate any possible prejudice to defendant, further instructed the jury not to speculate how the elevator in the pictures came to be "misleveled." Furthermore, it was improper for plaintiff to cross-examine defendant's witness with one of these photos in order to establish that he was not qualified to testify about what a "misleveled" elevator is.

Plaintiff disclosed the names of three nonparty witnesses to defendant only a week before the trial. Plaintiff explained that these three witnesses were identified as rebuttal witnesses only after defendant served its expert witness disclosure. Plaintiff further clarified that the witnesses would testify only that they had been to plaintiff's building before the accident, and had observed the elevator "mislevel" at a height differential of greater than half an inch, the purpose being to counter the anticipated testimony of defendant's expert. The court prevented any possible prejudice to defendant by plaintiff's belated disclosure by limiting the witnesses' testimony and allowing defense counsel to review the testimony with defendant's expert, if necessary. While the court granted counsel's request to present these rebuttal witnesses during plaintiff's case in chief, the better practice would have been to allow these witnesses to testify after defendant's expert had testified (*cf. Marshall v Davies*, 78 NY 414, 420 [1879]; *Seguin v Berg*, 260 App Div 284, 285 [1940]). Further, we question the relevancy of one witness's testimony who could not state with any certainty when she had observed the elevator "mislevel."

The court properly charged the doctrine of res ipsa loquitur (*see Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995], citing *Burgess v Otis El. Co.*, 114 AD2d 784 [1985], *affd* 69 NY2d 623 [1986]).

It was within the trial court's discretion to impose an interest rate lower than 9% (*see* Public Housing Law § 157 [5]; *Denio v State of New York*, 7 NY3d 159 [2006]). The 9% interest rate is "presumptively fair and reasonable" (*Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 81 [1997]). In order to rebut this presumption, the public authority "bears the burden of proffering substantial evidence that rates of return on both public and private investments during the relevant period are below nine percent" (*Denio*, 7 NY3d at 168). Once the authority has rebutted the presumption, the plaintiff "has the burden of coming forward with evidence tending to show that a higher rate, up to the statutory maximum, is reasonable" (*id.*). While plaintiff's present claim that the court imposed an unreasonably low interest rate is academic with respect to this judgment, we note in

passing that, in the absence of any conflicting financial data proffered by plaintiff, the court did not improvidently exercise its discretion in imposing a lower interest rate.

We need not reach the parties' remaining contentions as they will not recur on retrial. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.