■ EFRAIN CORTES, Appellant, v CENTRAL ELEVATOR, INC., Respondent. [845 NYS2d 259]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 17, 2006, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to compel production of post-accident maintenance and repair records, unanimously affirmed, without costs.

Dismissal of the complaint was appropriate in this action where plaintiff is seeking damages for injuries sustained when he allegedly tripped and fell while exiting an elevator at his place of employment. Defendant, which serviced the elevators in the building, made a prima facie case of entitlement to sum-

mary judgment by establishing that the subject elevator was in proper working order and that there was no misleveling problem on the date of the incident. Defendant's submissions, including, inter alia, plaintiff's deposition testimony that he did not see the elevator in a misleveled state following his fall, and an affidavit from an elevator consultant who inspected the elevator and concluded that its doors would not have opened if the elevator was more than one half inch below the hallway floor, demonstrated that there was no evidence of a defective condition (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 109-110 [2006]). The expert's affidavit submitted by plaintiff in opposition to the motion failed to raise a triable issue inasmuch as his opinions were conclusory and not supported by the facts of record (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [2005]). Plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced since plaintiff's fall could have occurred in the absence of negligence and could have been caused by a misstep on his part (*see Braithwaite v Equitable Life Assur. Socy. of U.S.*, 232 AD2d 352 [1996]; *see also Pena*, 35 AD3d at 110).

The dismissal of plaintiff's complaint renders his cross motion to compel production of post-accident maintenance records academic. In any event, the cross motion was properly denied because there is no issue of control or defective manufacture (*see Fernandez v Higdon El. Co.*, 220 AD2d 293 [1995]). Concur—Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ.