■ DORIS MEZA, Appellant, v 509 OWNERS LLC et al., Respondents. [918 NYS2d 78]—

Defendants building owners and elevator service contractors established their prima facie entitlement to judgment as a matter of law. Defendants submitted evidence demonstrating that they did not have notice of any defective condition of the subject elevator and that the elevator was regularly inspected and maintained (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 713-714 [2005]).

In opposition, plaintiff failed to produce evidence of a prior problem with the elevator that would have provided notice of the specific defect alleged. Although there had been a misleveling problem with the elevator almost three weeks before plaintiff's accident, the evidence established that the condition had been resolved and that a different condition with the elevator was observed the day after the accident (*see Gjonaj v Otis El. Co.*, 38 AD3d 384, 385 [2007]). Furthermore, plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced under the circumstances. "[P]laintiff's fall could have occurred in the absence of negligence and could have been caused by a misstep on [her] part" (*Cortes v Central El., Inc.*, 45 AD3d 323, 324 [2007]). Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.