■ ESTHER GUTIERREZ, Respondent-Appellant, v BROAD FINANCIAL CENTER, LLC, Respondent, and SCHINDLER ELEVATOR CORPORATION, Appellant-Respondent. [924 NYS2d 333]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about November 9, 2009, which, insofar as appealed from, in this action for personal injuries allegedly sustained when plaintiff tripped and fell while exiting an elevator that had misleveled three inches below the floor of the building, granted the motion of defendant building owner Broad Financial Center, LLC (BFC) for summary judgment dismissing

the complaint as against it, and for summary judgment on its first and second cross claims against defendant Schindler Elevator Corporation for common-law indemnification, and denied defendant Schindler's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

BFC made a prima facie showing that it neither created nor had actual or constructive notice of the misleveling of the subject elevator. Indeed, the record demonstrates that there were no prior complaints as to the defective condition of the elevator (*see Gjonaj v Otis El. Co.*, 38 AD3d 384 [2007]; *Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [2005]). In opposition, plaintiff failed to raise a triable issue of fact and thus, the complaint was properly dismissed as against BFC.

Plaintiff likewise failed to rebut Schindler's prima facie showing that it too neither created nor had notice of the misleveling. However, the record presents a viable negligence claim as against Schindler under the doctrine of res ipsa loquitur. The alleged misleveling of the elevator was not an event that ordinarily occurs in the absence of negligence; deposition testimony and an elevator maintenance agreement established that Schindler had exclusive control over the inspection, maintenance and repair of the subject elevator; and the record is devoid of any evidence that plaintiff contributed to the misleveling of the elevator (*see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *see Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995]). Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.