■ JOSEPH F. BEAHN, JR., Appellant, v NEW YORK YANKEES PARTNERSHIP, Respondent. [934 NYS2d 7]—

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when, while attending a baseball game, he slipped and fell in the row where his seat was located. Defendant submitted, inter alia, plaintiff's deposition testimony that while the walking surface of the steps, ramps and concourse area in the stadium was slick, he did not recall seeing any condition, namely liquid or food, in the row where he fell (*see Goldfischer v Great Atl. & Pac. Tea Co., Inc.*, 63 AD3d 575 [2009] ["failure to identify the condition that caused plaintiff's fall is fatal to plaintiff's claim"]). Furthermore, plaintiff's sister stated that there was a puddle of liquid on the stairs at the entrance to the aisle where their seats were located and that the puddle had been there for at least 15 minutes. However, she also said that plaintiff fell at a spot that was three or four seats away from the puddle.

In opposition, plaintiff failed to raise a triable issue of fact. He submitted an affidavit, and the affidavits of his sister and his former girlfriend, who had accompanied him to the game. All three averred that plaintiff had stepped in the puddle observed by plaintiff's sister, and that the puddle caused plaintiff to fall. Affidavit testimony that is obviously prepared in support of litigation that directly contradicts deposition testimony previously given is insufficient to defeat the motion for summary judgment (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Here, plaintiff offers no explanation as to his sudden change in testimony. Moreover, none of the affiants addressed the prior testimony or explained how the spill caused plaintiff to fall when, after he walked through the spill, he was able to continue to traverse the row of seats, and pass three or four seated fans, before falling. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.