■ JANINE FEASTER-LEWIS, Respondent, v OHAD ROTENBERG, M.D., et al., Defendants, and MERCY OBSTETRICS AND GYNECOLOGY, P.C., et al., Appellants. [939 NYS2d 421]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered June 2, 2011, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Mercy Obstetrics and Gynecology, P.C., Edilberto Martinez, M.D., and Lois Brustman, M.D., for summary judgment dismissing the complaint and all claims as asserted against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In this medical malpractice action, plaintiff mother allege that defendants departed from accepted standards of prenatal

care in failing to consult with the attending physician, failing to schedule a cerclage procedure before 15 weeks five days gestation, and improperly advising her that the risks of cerclage outweighed the benefits because she had a shortened cervix.

Defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that they did not depart from accepted medical practice (*Bacani v Rosenberg*, 74 AD3d 500, 501-502 [2010], *lv denied* 15 NY3d 708 [2010]). In response, plaintiff failed to raise an issue of fact. Plaintiff testified that, before March 1, 1999, she had no recollection of speaking with any doctor, other than Dr. Rotenberg, about having a cerclage; that she had no recollection of speaking with Dr. Martinez about a cerclage after a sonogram on March 1; and that she did not recall speaking with Dr. Brustman about cerclage on March 4, which, based on the record, would have been the only date such a conversation could have occurred. By contrast, in her affidavit submitted in opposition to the motion, plaintiff asserted that on her first visit with defendants on January 5, 1999, she stated that she was "there for a cerclage," and that, after being advised that her cervix had shortened, was told by both Dr. Martinez and Dr. Brustman that the risks of performing a cerclage outweighed its benefits. Plaintiff's affidavit clearly contradicts her deposition testimony, and thus is insufficient to raise a triable issue of fact (*Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]; *see also LoBianco v Lake*, 62 AD3d 590, 591 [2009]). Because plaintiff's expert's conclusions are based on the feigned facts in plaintiff's affidavit, the expert's affirmation also fails to raise a triable issue of fact (*see Bacani*, 74 AD3d at 502). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.