■ BELLA GUBENKO, Appellant, v CITY OF NEW YORK et al., Respondents. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Respondent, v FELIX EQUITIES, INC., Third-Party Defendant-Respondent/Fourth-Party Plaintiff-Respondent. NICO ASPHALT PAVING, Inc., Fourth-Party Defendant-Respondent. [974 NYS2d 431]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 21, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the City's motion, and otherwise affirmed, without costs.

Although defendants' motions were made after the 60-day time limit set by the motion court for summary judgment motions (CPLR 3212 [a]), the court properly considered the motions because they sought relief nearly identical to that sought in third-party and fourth-party defendants Felix Equities, Inc.'s and Nico Asphalt Paving, Inc.'s timely motions (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007]; *see also Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320, 321 [1st Dept 2008]).

Con Edison established prima facie that it did not cause or create the condition that caused plaintiff's accident. Its employee testified that the four excavations, or "cuts," made on Murray Street were outside the area where plaintiff testified her foot got caught in a "deep crack" or hole (*see Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659 [1st Dept 2012]; *Robinson v City of New York*, 18 AD3d 255 [1st Dept 2005]). Plaintiff failed to raise an issue of fact in opposition, since she did not address the record evidence of the location of the work performed.

The City failed to establish its entitlement to summary judgment since it submitted no evidence indicating that it had no notice of the defective condition in the street (*see Gonzalez v City of New York*, 268 AD2d 214 [1st Dept 2000]). Contrary to the City's sole contention on the motion, plaintiff's description of the defective condition in the street was sufficient to identify

the cause of her fall; any ambiguity in her testimony, given through a translator, goes to the weight of her evidence, and does not require dismissal of the complaint (*see Alvarez v New York City Hous. Auth.*, 295 AD2d 225, 226 [1st Dept 2002]; *Garcia v New York City Tr. Auth.*, 269 AD2d 142 [1st Dept 2000]). Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.