[8 NYS3d 195]

DANIELLE EZZARD, Respondent-Appellant, v ONE EAST RIVER PLACE REALTY COMPANY, LLC, et al., Respondents, and NEW YORK ELEVATOR & ELECTRICAL CORP., Appellant.

First Department, May 5, 2015

## APPEARANCES OF COUNSEL

*Geringer & Dolan LLP*, New York City (*Robert E. Coleman* of counsel), for appellant.

*Harnick & Harnick, P.C.*, New York City (*Robert Harnick* of counsel), for respondent-appellant.

*Hitchcock & Cummings LLP*, New York City (*Christopher B. Hitchcock* of counsel), for respondents.

## OPINION OF THE COURT

GISCHE, J.

Plaintiff alleges that, on September 13, 2007, she tripped and fell while exiting a misleveled elevator on the first floor of a building owned by defendant One East River Place Realty Company, LLC (owner) and managed by defendant Solow Management Corp. Solow had entered into a full-service maintenance contract with defendant New York Elevator & Electrical Corp. (NYE&E), commencing September 1, 2007, for the building's seven elevators, including weekly maintenance and emergency callback service.

Plaintiff testified at her deposition that as she was exiting the elevator her right foot became caught in the lip of the floor, causing her to propel forward and land on one hand and knee. Plaintiff also stated that on prior occasions she had personally observed the elevator mislevel once or twice a week. In opposition to NYE&E's motion for summary judgment, plaintiff submitted a sworn affidavit stating that she "tripped and fell while exiting an elevator," reiterating that "something was stopping my right foot from moving," adding that she estimated the misleveling at about "2 to 2 and a half inches," based upon her foot and ankle being blocked by the lip of the floor when the accident occurred.

Although untimely, NYE&E's motion should have been considered insofar as it presents nearly identical issues and proof as those raised by the owner and Solow in their joint summary judgment motion (*Gubenko v City of New York*, 111 AD3d 471 [1st Dept 2013]).

All three defendants established that there had been no complaints of misleveling before plaintiff's accident and that

the elevator was found to be level during City and Local Law No. 10 inspections performed approximately three weeks and two weeks before the accident (*see San Andres v 1254 Sherman Ave. Corp.*, 94 AD3d 590 [1st Dept 2012]; Local Law No. 10 [1981] of City of New York). Consequently, the notice-based claims were properly dismissed against the owner and Solow. They should be dismissed against NYE&E as well because plaintiff failed to show that any of the defendants had actual or constructive notice of the misleveling condition of which she complains (*Meza v 509 Owners LLC*, 82 AD3d 426 [1st Dept 2011]). Plaintiff's testimony of prior, unreported instances of misleveling was insufficient to establish that any of the defendants had notice of a dangerous condition (*see Isaac v 1515 Macombs, LLC*, 84 AD3d 457, 459 [1st Dept 2011], *lv denied* 17 NY3d 708 [2011]).

██ The motion court also properly found that the doctrine of res ipsa loquitur does not apply to the owner or Solow because of NYE&E's full-service maintenance contract for the building's seven elevators. That contract included weekly maintenance and emergency callback service. NYE&E's submissions, however, failed to demonstrate there was no defective condition and plaintiff has raised sufficient facts which, if believed by a jury, would support her claim against NYE&E under the doctrine based on its maintenance contract.

Res ipsa loquitur permits a factfinder to infer negligence based upon the sheer occurrence of an event where a plaintiff proffers sufficient evidence that (1) the occurrence is not one which ordinarily occurs in the absence of negligence; (2) it is caused by an instrumentality or agency within the defendant's exclusive control; and (3) it was not due to any voluntary action or contribution on the plaintiff's part (*James v Wormuth*, 21 NY3d 540, 546-548 [2013]; *States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]). If a plaintiff establishes these elements, then the issue of negligence should be given to a jury to decide (*States* at 212; *Miller v Schindler El. Corp.*, 308 AD2d 312 [1st Dept 2003]).

Res ipsa loquitur does not create a presumption of negligence; rather it is a rule of circumstantial evidence that allows the jury to infer negligence (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 211 [2006]). A defendant is free to rebut the inference by presenting different facts or otherwise arguing that the jury should not apply the inference in a particular case (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227

[1986]). Notice of a defect is inferred when the doctrine applies and the plaintiff need not offer evidence of actual or constructive notice in order to proceed (*Dittiger v Isal Realty Corp.*, 290 NY 492, 494 [1943]; *Gutierrez v Broad Fin. Ctr., LLC*, 84 AD3d 648 [1st Dept 2011]; *Gurevich v Queens Park Realty Corp.*, 12 AD3d 566 [2d Dept 2004]). Thus, while there is no proof of actual or constructive notice in this case, res ipsa loquitur can still support plaintiff's claim against NYE&E.

We have a long established jurisprudence in this Department recognizing that elevator malfunctions do not occur in the absence of negligence, giving rise to the possible application of res ipsa loquitur (*see e.g. Gutierrez v Broad Fin. Ctr., LLC*, 84 AD3d at 649 ["(T)he record presents a viable negligence claim as against Schindler under the doctrine of res ipsa loquitur. The alleged misleveling of the elevator was not an event that ordinarily occurs in the absence of negligence"]; *Dubec v New York City Hous. Auth.*, 39 AD3d 410, 412 [1st Dept 2007] [in a case based upon a disputed issue of whether an elevator had misleveled, we held that "(t)he court properly charged the doctrine of res ipsa loquitur" notwithstanding that a retrial was required on other grounds]; *Mogilansky v 250 Broadway Assoc. Corp.*, 29 AD3d 374 [1st Dept 2006] [where motion court improperly granted the defendant summary judgment, the plaintiff should be allowed to develop elevator malfunction case under res ipsa loquitur doctrine]; *Miller v Schindler El. Corp.*, 308 AD2d at 313 [denial of summary judgment dismissing the complaint was upheld based on res ipsa loquitur and the plaintiff's testimony that the elevator malfunctioned when she pushed the button to go to the basement, "which testimony must be treated as true on defendant's motion for summary judgment"]; *Ardolaj v Two Broadway Land Co.*, 276 AD2d 264 [1st Dept 2000] [doctrine of res ipsa loquitur available to the plaintiff at trial based on evidence of elevator misleveling]; *Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1st Dept 1995] [the defendant's negligence for elevator misleveling established through the application of res ipsa loquitur]; *Burgess v Otis El. Co.*, 114 AD2d 784, 786 [1st Dept 1985] [jury verdict for the plaintiff in elevator case upheld under doctrine of res ipsa loquitur because misleveling "was an event of a kind which would not ordinarily occur in the absence of negligence"], *affd* 69 NY2d 623, 625 [1986]).

Although NYE&E argues, and the dissent agrees, that the doctrine of res ipsa loquitur does not apply to this case because

there is no evidence of any defective leveling condition and plaintiff's fall could have occurred in the absence of negligence, including a misstep by her, this is a factual dispute that cannot and should not be resolved on the appeal of these dispositive motions (*Miller v Schindler El. Corp.*, 308 AD2d at 313). Plaintiff testified at her deposition, and later provided a sworn affidavit, that her foot got caught in something as she exited the elevator. She also testified at her deposition that she had previously observed the elevator mislevel anywhere between 1 to 2½ inches. In her affidavit, plaintiff estimated that the height of the misleveling at the time of her accident was approximately 2 to 2½ inches. Contrary to the dissent's position, there is no basis to conclude, as a matter of law, that her estimate is feigned. The deposition testimony on which the dissent relies does not clearly require the conclusion that plaintiff had no basis for her estimate of the height differential of the misleveled elevator. In response to a question about whether she determined the height differential at the time of the accident, she merely answered, "No sir." This testimony is not inconsistent with her "estimate" of the height differential at 2 to 2½ inches based upon her perception that when her foot and ankle were blocked by the lip of the lobby floor, the "bottom of [her] right foot was approximately 2 inches below floor level." It is up to the jury to determine the credibility of her account about whether the elevator actually misleveled, and if so, the height thereof.

Application of the doctrine does not require the elimination of any other possible cause of the accident, rather "[i]t is enough that the evidence supporting the three conditions afford a rational basis for concluding that it is more likely than not that the injury was caused by defendant's negligence" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997] [internal quotations omitted]). If the jury chooses to believe plaintiff's evidence, that the elevator misleveled, then it may consider the other issues implicated by res ipsa loquitur. On the other hand if the jury chooses to believe that the elevator did not mislevel, but plaintiff merely misstepped, then res ipsa loquitur would not apply. Even when the doctrine is invoked, causation and comparative negligence are still issues for consideration (PJI 2:65).

Moreover, with respect to the third requirement of res ipsa loquitur, i.e., proof that plaintiff's conduct or actions did not voluntarily contribute to the accident, the issue is whether the

plaintiff acted in some manner that affected the elevator and caused the misleveling to occur. There is simply nothing in this record to indicate that plaintiff in any way voluntarily caused the elevator to mislevel (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d at 226; *see also Burgess v Otis El. Co.*, 114 AD2d at 787). Since there is no evidence that she voluntarily caused the situation alleged, this leaves the issue of plaintiff's comparative negligence for the jury to decide. It is up to the jury to decide whether plaintiff fell because she stumbled, or her injuries are in any measure due to her own actions.

In terms of the element of control required under res ipsa loquitur, NYE&E had a full-service contract it entered into with the owner and Solow, requiring NYE&E to furnish "all material, labor, tools and equipment necessary to provide inspection and maintenance" and to "provide a mechanic at minimum one hour per elevator per week" for preventative maintenance. The weekly inspection was to include an examination, cleaning and adjustment of all parts subject to loosening, wearing, and/or burning out, including "floor leveling and safety devices." With regard to leveling, the contract required NYE&E to maintain an accuracy within one-quarter inch. NYE&E was also obligated to provide emergency callback service 24 hours per day, seven days a week. In *Hodges v Royal Realty Corp.* (42 AD3d 350, 352 [1st Dept 2007]), we recognized that a full-service contract to maintain an elevator provides a sufficient predicate for the element of control as against the maintenance company. We have further recognized that where an owner has transferred full responsibility for the maintenance of an elevator to another, the owner is not in control of the instrumentality causing the accident, and res ipsa loquitur does not apply to the owner (*Camaj v East 52nd Partners*, 215 AD2d 150 [1st Dept 1995]).

Accordingly, the order of the Supreme Court, New York County (Jeffrey K. Oing, J.), entered February 24, 2014, which, to the extent appealed from, granted defendants One East River Place Realty Company, LLC and Solow Management Corp.'s motion for summary judgment dismissing the complaint as against them, and denied defendant New York Elevator & Electrical Corp.'s motion for leave to file an untimely motion for summary judgment, should be modified, on the law and the facts and in the exercise of discretion, to grant New York Elevator & Electrical Corp.'s motion for consideration of its untimely motion for summary judgment, and, upon such consideration,

the motion should be granted to the extent of dismissing the notice-based claims and otherwise denied, and the order should otherwise be affirmed without costs.

ANDRIAS, J. (dissenting in part). Plaintiff alleges that she tripped and fell while exiting a misleveled elevator on the first floor of a building owned by defendant One East River Place Realty and managed by defendant Solow Management. Commencing September 1, 2007, Solow had entered into a full-service maintenance contract with defendant New York Elevator & Electrical (NYEE) for the building's seven elevators, including weekly maintenance and emergency callback service.

I agree with the majority that One East River and Solow are entitled to summary judgment dismissing the complaint against them. I also agree that the motion court should have considered the motion of NYEE for summary judgment because it seeks the same relief and addresses the same issues as One East River and Solow's timely motion (*Gubenko v City of New York*, 111 AD3d 471 [1st Dept 2013]). The majority would, however, deny NYEE's motion on the ground that plaintiff has raised sufficient facts which, if believed by a jury, would support her claim against NYEE under the doctrine of res ipsa loquitur. I do not agree, and dissent in part.

Contrary to the majority's holding, under the circumstances before us, plaintiff cannot rely on the doctrine of res ipsa loquitur. There is no evidence of any defective leveling condition and "plaintiff's fall could have occurred in the absence of negligence and could have been caused by a misstep on [her] part" (*Cortes v Central El., Inc.*, 45 AD3d 323, 324 [1st Dept 2007]; *see also Meza v 509 Owners LLC*, 82 AD3d 426, 427 [1st Dept 2011]).

Plaintiff testified at her deposition that at the time of the accident she was carrying office supplies in both hands. Plaintiff also testified that because she was in a hurry, she did not look down to see where the cab had stopped relative to the hallway before she began to move, and that she never "determine[d] where the elevator cab was relative to the hallway floor." It was only after NYEE moved for summary judgment, supported, inter alia, by expert evidence that a misleveling of up to one inch was acceptable in the elevator maintenance industry, that plaintiff submitted an affidavit in which she for the first time stated that the elevator was about two inches below the lobby floor when she stepped out. However, because this affidavit contradicted her earlier deposition testimony, it "can only be

considered to have been tailored to avoid the consequences of [such] earlier testimony" and is deemed to be a feigned issue and, consequently, is insufficient to defeat summary judgment (*Fernandez v VLA Realty, LLC*, 45 AD3d 391, 391 [1st Dept 2007] [internal quotation marks omitted]; *see also Beahn v New York Yankees Partnership*, 89 AD3d 589 [1st Dept 2011]). Disregarding the tailored affidavit, as we must, plaintiff has failed to meet her burden of showing that her fall could only have been caused by negligence and not by a misstep over a differential, within acceptable bounds, between the elevator cab and the hallway floor, and the doctrine of res ipsa loquitur is inapplicable.

The majority disagrees, stating that there is no basis to conclude, as a matter of law, that the "estimate" in plaintiff's affidavit is feigned. Citing plaintiff's deposition testimony that she tripped over an elevator that was not flush with the floor and that she had observed the elevator mislevel anywhere between 1 and 2½ inches in the past, the majority posits that plaintiff's testimony that she never determined a height differential at the time of the accident "is not inconsistent with her 'estimate' of the height differential." However, this analysis understates plaintiff's testimony and would allow her to defeat NYEE's motion by what is, at best, mere speculation.

Particularly, while plaintiff did testify that after safely stepping out of the elevator with her left foot, the lip of the floor stopped her right foot, she also testified that

> "Q. You told me before that you felt your foot get caught on something?
>
> "A. Yes.
>
> "Q. And as you were falling and starting to fall you saw it caught against the lip, correct?
>
> "A. Yes.
>
> "Q. Now, at that time, did you determine where the elevator cab was relative to the hallway floor while you were falling?
>
> "A. No, sir.
>
> "Q. At any time, thereafter, did you determine where the elevator cab was relative to the hallway floor at the time you began to fall?

"A. No, sir."

Thus, plaintiff's testimony demonstrates that she did not observe the differential before she started to move, while she was falling, or at any time after she fell. The majority's analysis fails to appreciate the significance of this testimony which establishes that plaintiff had no way of determining the alleged height differential that existed when she tripped by anything other than speculation, and that her affidavit was tailored to create an issue of fact as to whether an actionable height differential existed.

The admission by plaintiff that she never determined the height differential cannot be negated by plaintiff's "estimate," allegedly based on prior observations of misleveling. When asked at her deposition if the elevator cab would stop at the same level below the floor each time it misleveled, plaintiff responded, "I really couldn't say." When asked if the elevator misleveled in March or April, plaintiff described a differential of one or two inches. Accordingly, based on her past experience, plaintiff could only speculate that the alleged differential at the time of her fall was actionable.

"Because plaintiff's expert's conclusions are based on the feigned facts in plaintiff's affidavit, the expert's affirmation also fails to raise a triable issue of fact" (*Feaster-Lewis v Rotenberg*, 93 AD3d 421, 422 [1st Dept 2012], *lv denied* 19 NY3d 803 [2012]; *see also Luciano v Deco Towers Assoc. LLC*, 92 AD3d 606 [1st Dept 2012]).

RENWICK and RICHTER, JJ., concur with GISCHE, J.; ANDRIAS, J., dissents in part in a separate opinion in which TOM, J.P., concurs.

Order, Supreme Court, New York County, entered February 24, 2014, modified, on the law and the facts, and in the exercise of discretion, to grant defendant New York Elevator & Electrical Corp.'s motion for consideration of its untimely motion for summary judgment, and otherwise affirmed, without costs.