■ DANIELLE EZZARD, Plaintiff, v ONE EAST RIVER PLACE REALTY COMPANY, LLC., et al., Appellants, and NEW YORK ELEVATOR & ELECTRICAL CORP., Respondent. [27 NYS3d 562]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 24, 2015, which denied defendants-appellants' motion for leave to renew their prior motion for summary judgment on their cross claim for contractual indemnification against defendant New York Elevator & Electrical Corp. (NYE), unanimously reversed, on the law and the facts, with costs, the motion to renew granted, and, upon renewal, the motion for summary judgment granted, and the matter remanded for a determination of defendants' costs and fees in defending against plaintiff's claims.

Defendants One East River Place Realty Company LLC and Solow Management Corp. (collectively the Owners) are the owner and managing agent, respectively, of the building in which plaintiff allegedly tripped and fell. The Owners and NYE entered into a full-service maintenance contract that required NYE to, among other things, maintain the elevators in a safe condition, and to ensure that the elevators were level. The contract also required NYE to defend and indemnify the Owners against any liability claims arising out of the performance of the contract.

After NYE refused to defend and indemnify the Owners, the Owners moved for summary judgment pursuant to the indemnification provision. That motion was denied, and this Court affirmed, finding that there had been "no showing that NYE was negligent or that [the Owners] were not negligent," and thus that "any order requiring NYE to defend is premature" (*Ezzard v One E. Riv. Place Realty Co., LLC*, 80 AD3d 515, 515 [1st Dept 2011]).

Subsequently, the motion court granted the Owners' motion for summary judgment dismissing the complaint against them, but denied NYE's motion for leave to file an untimely motion for summary judgment. On appeal, this Court modified the order to the extent of considering NYE's untimely motion and, upon consideration, dismissing the complaint against NYE except for plaintiff's res ipsa loquitur claim (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159 [1st Dept 2015] [*Ezzard II*]).

After *Ezzard II*, the Owners renewed their motion for summary judgment on their cross claim for contractual indemnification against NYE. One week after the Owners made their motion, NYE settled the action with plaintiff.

The motion court erred in denying the motion to renew, since this Court's determination in *Ezzard II*, finding no negligence on behalf of the Owners, constituted "new facts not offered on the prior motion" or a "change in the law" that could change the motion court's prior determination (*see* CPLR 2221 [e] [2]).

Upon renewal, the Owners are entitled to summary judgment on their contractual indemnification cross claim against NYE. The indemnification clause does not run afoul of General Obligations Law § 5-322.1 (1), because it does not purport to indemnify the Owners for their own negligence (*Linarello v City Univ. of N.Y.*, 6 AD3d 192, 193 [1st Dept 2004]).

The indemnity clause does not require a finding of negligence or fault on NYE's part (*see DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 269-270 [1st Dept 1994]). Moreover, since the Owners established that plaintiff's claim arose out of NYE's work, the indemnification provision is triggered (*see Barnes v New York City Hous. Auth.*, 43 AD3d 842, 844-845 [2d Dept 2007], *lv dismissed* 9 NY3d 1002 [2007]).

Pursuant to the indemnification agreement, NYE is required to indemnify the Owners for the costs, including reasonable attorneys' fees, they incurred in defending against plaintiff's claims (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 494 [1989]). Because the amount of those costs and fees cannot be determined on this record, the matter is remanded for that determination (*see Fuller-Mosley v Union Theol. Seminary*, 47 AD3d 487, 488 [1st Dept 2008]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.