■ YVETTE TORRES-MARTINEZ, Appellant, v MACY'S, INC., et al., Respondents. [45 NYS3d 449]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered on or about June 12, 2015, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.

Defendants established prima facie that they had no notice of the allegedly defective condition of the escalator, and plaintiff failed to raise a triable issue of fact. Macy's operations manager and ThyssenKrupp's elevator mechanic both testified that they did not receive any reports of the escalators shaking or stopping and starting before the date of plaintiff's accident; nor did anyone, including plaintiff, before her July 2009 accident, observe the escalators stop and start several times in succession (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712 [1st Dept 2005]). The printout submitted by plaintiff's expert in support of his opinion was unauthenticated and therefore inadmissible as evidence of any previous accidents on the escalators (*see Vasquez v The Rector*, 40 AD3d 265, 266-267 [1st Dept 2007]). In any event, the bareboned printout did not indicate that the prior incidents were similar to or caused by the same or similar contributing factors causing this accident (*Gjonaj v Otis El. Co.*, 38 AD3d 384 [1st Dept 2007]; *Chunhye*

*Kang-Kim v City of New York*, 29 AD3d 57, 60-61 [1st Dept 2006]). The fact that Macy's made service calls to ThyssenKrupp on January 15, 2009 and February 15, 2009, because the escalator from the basement to the main level was not running, does not raise an issue of fact as to notice, since there is no evidence that those calls were occasioned by the type of malfunctioning plaintiff describes (*see id.*).

Defendant's expert opined that the accident, as described by plaintiff, was a mechanical impossibility, since it would have resulted in a catastrophic failure of the running or driving mechanisms, which would have required a significant repair, and the escalator would not have continued to run without observable problems following the accident, when it was inspected by ThyssenKrupp or the Department of Buildings. Plaintiff's expert's opinion that the accident was proximately caused by a defective step chain and a lack of proper and adequate preventative maintenance is speculative and conclusory (*see Santoni*, 21 AD3d at 714-715; *Bazne v Port Auth. of N.Y. & N.J.*, 61 AD3d 583 [1st Dept 2009]).

The doctrine of res ipsa loquitur, which would permit a fact finder to infer negligence based upon the sheer happening of the event, is inapplicable. Plaintiff claims that the escalator skidded and shook causing her to fall forward. The evidence in this record establishes that the elevator never operated in this manner either before or after the alleged accident. Plaintiff was able, after her fall, to ride the escalator up to the next level without any further escalator malfunction. Without more, this proof is insufficient to establish that the event is of a kind that ordinarily does not happen in the absence of negligence (*Birdsall v Montgomery Ward & Co.*, 109 AD2d 969 [3d Dept 1985], *affd* 65 NY2d 913 [1985] [isolated incident of escalator bumping is insufficient to support doctrine of res ispa loquitur]). Res ipsa loquitur is also unavailable because there is evidence that plaintiff fell after misstepping on the escalator, creating the possibility that plaintiff could have contributed to her own injury (*see Cortes v Central El., Inc.*, 45 AD3d 323, 324 [1st Dept 2007]; *Braithwaite v Equitable Life Assur. Socy. of U.S.*, 232 AD2d 352 [2d Dept 1996]). In any event, the doctrine may not be applied against Macy's, which ceded all responsibility for the daily operation, repair, and maintenance of the escalator to ThyssenKrupp via a full-service contract (*see Ezzard v One E. Riv. Place Realty Co., LLC*, 129 AD3d 159, 165 [1st Dept 2015]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.