Carter v New York City Hous. Auth. (2019 NY Slip Op 07722)





Carter v New York City Hous. Auth.


2019 NY Slip Op 07722


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10208 28305/16E

[*1] Orgina Carter, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Wilson Elser Moskowitz Edelman, & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
The Law Office of Christopher P. Di Giulio, P.C., New York (William Thymius of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet Rosado, J.), entered December 20, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff was injured when the elevator door in defendant's building closed unexpectedly on her hand as she attempted to exit. Defendant has failed to establish, as a matter of law, that res ipsa loquitur is inapplicable to this case (Mogilanski v 250 Broadway Assoc. Corp, 29 AD3d 374, 376-377 [1st Dept 2006]). In order for the doctrine to apply, three elements must be established: 1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; 2) it must be cause by an agency or instrumentality within the exclusive control of defendant; and 3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (James v Wormuth, 21 NY3d 540, 546 [2013]). The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may -— but is not required to -— draw the permissible inference (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-227 [1986]). Here, plaintiff claims that she was injured while attempting to exit an elevator in defendant's building, and that the elevator which malfunctioned was within the exclusive control of defendant. Elevator malfunctions are circumstances giving rise to the possible application of res ipsa loquitur to prove negligence (Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 163 [1st Dept 2015]. Disputed issues regarding defendant's control and whether, as defendant contends, plaintiff's own actions may have affected the instrumentality involved in the accident, are for the jury to decide (Ezzard at 163). Although defendant also contends that it did not have notice of the dangerous condition alleged, proof of notice of a dangerous condition may be presumed under the doctrine of res ipsa (id.).
Plaintiff may also proceed on her general claim of negligence. She raised a triable issue of fact as to whether defendant had notice of a problem with the subject elevator by its submission of the affidavit of her sister, who averred that she made complaints about the elevator door within a week prior to the accident.
Contrary to the court's finding, defendant provided an adequate basis for considering the maintenance records as business records prepared by the mechanic in the ordinary course of [*2]business (see CPLR 4518; Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 79 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK