Rivera v Slade Indus., Inc. (2021 NY Slip Op 06458)





Rivera v Slade Indus., Inc.


2021 NY Slip Op 06458


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 156304/16 Appeal No. 14648 Case No. 2020-01823 

[*1]Raul Rivera, Plaintiff-Respondent,
v
Slade Industries, Inc., Defendant-Appellant.


Sonageri & Fallon, L.L.C., Garden City (James L. Sonageri of counsel), for appellant.
Law Office of Dino J. Domina, Garden City, (Lisa M. Comeau of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about December 6, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff seeks to recover damages from defendant elevator maintenance company for personal injuries he sustained when the elevator car he was travelling in at nonparty Lincoln Correctional Facility (Lincoln) dropped from around the ninth floor to between the seventh and eighth floors.
Defendant failed to make a prima facie showing that the elevator malfunction was caused solely by a loss of power to the elevators' main line attributable to Lincoln's generator testing. The opinion of defendant's expert was insufficient because he inaccurately described the elevator malfunction reported by plaintiff and did not address the drop described by plaintiff. The expert's supplemental opinion was also insufficient because it impermissibly relied on his unsupported assertion that the elevators would be automatically recalled to the main floor after power loss and restoration, as well as his speculation that power was lost and restored to the elevators multiple times. In any event, plaintiff raised an issue of fact as to the cause of the accident by submitting an affidavit by his own expert, who opined that the elevator movement described by plaintiff was not normal and could not be explained by a simple power failure and that plaintiff's description of the lights in the elevator was inconsistent with a loss of power to the elevators' main line.
Although defendant made a prima facie showing that it did not create or have notice of any defective condition, plaintiff raised an issue of fact based on the doctrine of res ipsa loquitur (see generally Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 162-163 [1st Dept 2015]). An elevator drop is the type of event that does not normally occur in the absence of negligence, and there is no real dispute that the elevator was in the exclusive control of defendant or that plaintiff did not contribute to the elevator malfunction. In view of the issue of fact that exists as to causation, defendant's contention that Lincoln's generator testing took the elevator out of its exclusive control is unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021