Aponte v Bronx Preserv. Hous. Dev. Fund Corp. (2022 NY Slip Op 00625)





Aponte v Bronx Preserv. Hous. Dev. Fund Corp.


2022 NY Slip Op 00625


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 28673/16E Appeal No. 15031 Case No. 2021-00776 

[*1]Mildred Aponte, Plaintiff-Appellant-Respondent,
v
Bronx Preservation Housing Development Fund Corp. et al., Defendants-Respondents-Appellants.


Law Office of John P. Grill, PC, Carmel (John P. Grill of counsel), for appellant-respondent.
Rosenbaum & Taylor PC, White Plains (Mark Jordan-Poinsette of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered February 10, 2021, which denied plaintiff's motion for summary judgment on liability and defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motion only to the extent of dismissing the complaint against Morrisania IV Associates, LP and Chateau GC, LLC., and otherwise affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries she allegedly sustained when she tripped while exiting an elevator that had misleveled. Defendants are not entitled to summary judgment based on their argument that they did not have notice of any misleveling condition. "Res ipsa loquitur permits a factfinder to infer negligence based upon the sheer occurrence of an event where a plaintiff proffers sufficient evidence that (1) the occurrence is not one which ordinarily occurs in the absence of negligence; (2) it is caused by an instrumentality or agency within the defendant's exclusive control; and (3) it was not due to any voluntary action or contribution on the plaintiff's part" (Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 162 [1st Dept 2015]). This Court has long recognized that an elevator misleveling does not occur in the absence of negligence, "giving rise to the possible application of res ipsa loquitur" (Ezzard, 129 AD3d at 163; see Dzidowska v Related Cos., LP, 157 AD3d 447, 448 [1st Dept 2018]; Burgess v Otis El. Co., 114 AD2d 784, 786 [1st Dept 1985], aff'd 69 NY2d 623 [1986]). Further, the fact that plaintiff might not have been watching where she was going does not preclude application of res ipsa loquitur with regard to the misleveling of the elevator, to which she did not voluntarily contribute (see Carter v New York City Hous. Auth., 176 AD3d 605, 606 [1st Dept 2019]; Dzidowska, 157 AD3d at 448; Ezzard, 129 AD3d at 164-165). Although responsibility for maintenance and repair of the elevator had been ceded to Start pursuant to a "Comprehensive Elevator Maintenance and Repair Contract" and it appears that the owner and manager did not retain sufficient control of the elevator machinery to render the doctrine of res ipsa loquitor applicable to them (see Ezzard, 129 AD3d at 165; Sanchez v 1067 Fifth Ave. Corp., 192 AD3d 521 [1st Dept 2021]; Torres-Martinez v Macy's, Inc., 146 AD3d 638 [1st Dept 2017]), triable issues of fact exist as to the liability of the owner and manager because a factfinder could reasonably infer from the record evidence that these defendants, through the building superintendent, had actual or constructive notice that the elevator was misleveling, but failed to contact Start so it could address the problem.
However, plaintiff is not entitled to summary judgment on liability based on the application of res ipsa loquitur. This is not one of the "rarest of res ipsa loquitur cases" in which the plaintiff is entitled to summary judgment based on the doctrine, which "allows [*2]but does not require the jury to infer that the defendant was negligent" based on the circumstantial evidence (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; see Ezzard, 129 AD3d at 163; cf. Thomas v New York Univ. Med. Ctr., 283 AD2d 316 [1st Dept 2001]).
Plaintiff is also not entitled to summary judgment based on the doctrine of common-law spoliation because she has not established that any documents, if they ever existed, were destroyed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543 [2015]; Duloc v AC & L Food Corp., 119 AD3d 450, 451 [1st Dept 2014], lv denied 24 NY3d 908 [2014]).
Plaintiff acknowledges that she is not seeking to hold liable defendants Morrisania IV Associates, LP, the former owner of the premises, and Chateau GC LLC, which performed renovation work in the building prior to plaintiff's accident. Accordingly, the order should be modified to dismiss the complaint as against them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022