Merrick v Macerich Co. (2024 NY Slip Op 00234)

Merrick v Macerich Co.

2024 NY Slip Op 00234

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 158681/16 Appeal No. 1478-1479 Case No. 2023-02175 

[*1]David Merrick, Plaintiff-Respondent,
v
Macerich Company, et al., Defendants-Respondents, ThyssenKrupp Elevator Corporation, Defendant-Appellant, Schindler Elevator Corporation, Defendant.

Kaufman Dolowich Voluck, LLP, Woodbury (Jorja Carr-Knecht of counsel), for appellant.
David Horowitz, P.C., New York (Christopher S. Joslin of counsel), for David Merrick, respondent.
Raven & Kolbe, LLP, New York (George S. Kolbe of counsel), for Macerich Company, Macerich Management Company and Macherich Queens Limited Partnership, respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered November 30, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Macerich Company, Macerich Property Management Company, LLC, and Macerich Queens Limited Partnership (collectively, Macerich) for conditional summary judgment on their cross-claims for contractual indemnification against defendant ThyssenKrupp Elevator Corporation (TEC) to the extent that Macerich is found to be free of any negligence causing or contributing to plaintiff's accident, unanimously affirmed, without costs. Order, same court and Justice, entered June 22, 2023, which, to the extent appealed from as limited by the briefs and appealable, denied TEC's motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs. Appeal from so much of the June 2023 order as purports to be from the denial of TEC's motion for leave to reargue unanimously dismissed, without costs, as taken from a nonappealable paper.
Macerich established its entitlement to conditional summary judgment on its contractual indemnification claim against TEC because plaintiff alleges in the complaint that TEC was negligent, and under Macerich and TEC's elevator service contract, TEC's indemnification obligation is triggered by "actual and/or alleged" negligence (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 445 [1st Dept 2022]; see also Ezzard v One E. Riv. Place Realty Co., LLC, 137 AD3d 648, 649 [1st Dept 2016]). The court was not required to find that Macerich was free of fault in order to grant conditional summary judgment, as Macerich is entitled to indemnification to the extent that it is found to be free of any negligence causing or contributing to plaintiff's accident (see e.g. Cuomo v 53rd and 2nd Assoc., LLC, 111 AD3d 548, 548 [1st Dept 2013]). For the same reason, the motion was not premature even though there is still outstanding discovery related to TEC's claim that Macerich was negligent in directing and instructing a commercial tenant's use of the freight elevator.
The indemnification clause does not violate General Obligations Law § 5-322.1(1) because it does not require TEC to indemnify Macerich for Macerich's own negligence (see e.g. Brooks v Judlau Contr., Inc., 11 NY3d 204, 207 [2008]). Instead, the clause provides for bilateral indemnification, requiring Macerich to indemnify TEC for Macerich's "active negligence or willful misconduct."
Supreme Court also properly denied TEC's motion for summary judgment dismissing the complaint against it, as TEC made an insufficient showing that it used reasonable care to discover and correct the defective condition of the elevator sensor (see Stewart v World El. Co, Inc., 84 AD3d 491, 495 [1st Dept 2011]). Its account history records lacked detail, and the testimony of its mechanic was not based on personal knowledge.
Further, TEC failed to establish that plaintiff would not [*2]be able to rely on the doctrine of res ipsa loquitur to raise an inference of negligence (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 163 [1st Dept 2015]). The law is well established that elevator malfunctions do not occur in the absence of negligence, and an unexpectedly closing door that fails to detect the presence of someone entering is not the type of event that ordinarily occurs in the absence of negligence (id.; Barkley v Plaza Realty Invs. Inc., 149 AD3d 74, 77, 78 [1st Dept 2017]). Nor did TEC establish that Macerich had exclusive control of the elevator (see Miller v Schindler El. Corp., 308 AD2d 312, 313 [1st Dept 2003]). On the contrary, the elevator maintenance contract required TEC to provide comprehensive servicing, and exclusive control may be shared between the building owner and an elevator company (Kleinberg v City of New York, 61 AD3d 436, 438 [1st Dept 2009]). TEC also failed to present evidence establishing that plaintiff contributed to the accident in any way (see Barkley, 149 AD3d at 78).
We have considered TEC's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024