Fuentes v 158 Mgt., LLC (2025 NY Slip Op 01044)

Fuentes v 158 Mgt., LLC

2025 NY Slip Op 01044

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 159122/17|Appeal No. 3743|Case No. 2023-04342|

[*1]Mariana Fuentes, Plaintiff-Respondent,
v
158 Management, LLC, et al., Defendants-Appellants, The City of New York, et al., Defendants-Respondents.

Sobel Pevzner, LLC, New York (Anthony Orlich of counsel), for appellants.
Steven Adam Rubin & Associates, PLLC, New York (Pasha H. Rubin of counsel), for Mariana Fuentes, respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for The City of New York, The New York City Department of Transportation and The NYC Department of Buildings, respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about August 17, 2023, which, to the extent appealed from as limited by the briefs, denied defendants 158 Management, LLC and Wiseman Management LLC's (collectively defendants) motion for summary judgment dismissing the complaint and cross-claims against them, granted plaintiff's motion for summary judgment on liability as against 158 Management, and granted The City of New York defendants' (the City) motion for summary judgment dismissing defendants' cross-claims against them, unanimously affirmed, without costs.
Plaintiff demonstrated that the doctrine of res ipsa loquitor was applicable here (see generally Ebanks v New York City Tr. Auth., 70 NY2d 621, 623 [1987]; Aponte v Bronx Preserv. Hous. Dev. Fund Corp., 202 AD3d 401, 401 [1st Dept 2022]). The sidewalk collapse, which caused plaintiff's injuries, is not the type of event that ordinarily occurs in the absence of negligence. The cellar vault which was underneath the sidewalk was in the exclusive control of 158 Management, the owner of the building, and could only be accessed through the basement door in the building. 158 Management offered no evidence to the contrary. Further, the record is clear that plaintiff did not contribute to the accident since she was just standing on the sidewalk when it collapsed underneath her (see Williams v Forward Realty Corp., 198 AD3d 503, 504 [1st Dept 2021]).
Plaintiff was not required to show that 158 Management had actual or constructive notice of the defective condition in the ceiling of the cellar vault, as such notice is inferred where res ipsa loquitor is applicable (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 163 [1st Dept 2015]). Moreover, the doctrine may be employed even where the specific cause of the accident is known (see Abbott v Page Airways, 23 NY2d 502, 513 [1969]).
With respect to the City, 158 Management admits that its building was not exempt from the mandates of Administrative Code of City of NY § 7-210(b), but it contends that the responsibility to maintain the sidewalk "could" be shared with the City. However, no evidence was presented that any conduct by the City caused or created the condition or that it made special use of the sidewalk (see Rodriguez v City of New York, 70 AD3d 450, 450 [1st Dept 2010]). Mere speculation or conjecture is insufficient to defeat the City's motion (see Rivera v City of New York, 210 AD3d 544, 545 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025