■ DONNA LOVELL et al., Appellants, v MARC THOMPSON et al., Respondents. [39 NYS3d 420]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 22, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established prima facie that they did not cause or create the defect in the stairs in their home that allegedly caused plaintiff Donna Lovell to fall and that they had no actual or constructive notice of any such defect (*see Mercer v City of New York*, 88 NY2d 955 [1996]; *Kelly v Berberich*, 36 AD3d 475 [2007], *appeal withdrawn* 8 NY3d 943 [2007]). They submitted evidence that the stairs were built in 1927 and had never been worked on thereafter, that there were no earlier reported incidents or complaints, and that no violations or citations had been issued with respect to the condition of the stairs. They also submitted their testimony that they used the stairs regularly, that no one had ever before fallen on the stairs, and that on examination immediately after the accident they could find no defect.

In opposition, plaintiffs failed to raise an issue of fact. As to the issue of notice, the motion court was not required to consider their unsworn witness statement since the statement was the only evidence submitted on that issue (*see Briggs v 2244 Morris L.P.*, 30 AD3d 216 [1st Dept 2006]). In any event, the unsworn statement is not probative of whether defendants had notice of the alleged defect.

Nor does plaintiffs' expert affidavit constitute evidence that the stairs were out of compliance with commonly accepted safety standards or practices with respect to handrails and risers and treads, since the expert did not refer to any specific safety standards or practices that are applicable to the subject stairs and did not say that the absence of a handrail and/or the

differential in the dimensions of the risers and treads rendered the stairs inherently dangerous (*see Griffith v ETH NEP, L.P.,* 140 AD3d 451 [1st Dept 2016]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.