Molina v Dimon (2019 NY Slip Op 03299)





Molina v Dimon


2019 NY Slip Op 03299


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9148 300435/11

[*1]Francisco Molina, Plaintiff-Appellant,
v
Samuel L. Dimon, et al., Defendants-Respondents.


Law Office of William A. Cerbone, Elmsford (Barry R. Strutt of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for respondents.



Order, Supreme Court, New York County (Donald Miles, J.), entered on or about May 8, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that he slipped and fell on a slippery mold condition on a porch step at defendants' home when he was delivering a package. Defendants demonstrated through the testimony of defendant Samuel Dimon that they did not create or have actual or constructive notice of the alleged dangerous condition, as they and their invitees regularly used the steps without incident and were not aware of any slippery mold condition (see Lovell v Thompson, 143 AD3d 511 [1st Dept 2016]). Defendants also relied on plaintiff's deposition testimony that before the accident, the porch step appeared safe, the porch area was dry, and there was no dirt or debris, which indicates that the alleged defective condition was not visible and apparent so as to constitute constructive notice (see Vasquez v Nealco Towers LLC, 160 AD3d 496 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact. The conclusions of plaintiff's experts that there was
mold, moss, and mildew on the steps were speculative and conclusory, as they were inconsistent with plaintiff's testimony regarding the condition of the steps (see Feaster-Lewis v Rotenberg, 93 AD3d 421, 422 [1st Dept 2012], lv denied 19 NY3d 803 [2012]). Moreover, the opinion of the experts that the moss was slippery is speculative, as they did not touch the step in question or attempt to recreate the circumstances surrounding plaintiff's fall (see Sanders v Morris Hgts. Mews Assoc., 69 AD3d 432 [1st Dept 2010]). The photographs taken by the engineering expert over a year after the accident showing wood steps with a greenish tinge, does "not establish an apparent and visible slippery or otherwise dangerous condition on the stairs" (Decker v Schildt, 100 AD3d 1339, 1341 [3d Dept 2012]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK