Filed 8/22/19; Certified for Publication 9/16/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THERESA A. JONES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CLYDE AWAD et al.,<br><br>Defendants and Respondents. | F077359<br><br>(Super. Ct. No. CV60288)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

Wilcoxen Callaham, William C. Callaham and Christopher G. Romero, for Plaintiff and Appellant.

Donahue Davies, James Richard Donahue and Stephen J. Mackey, for Defendants and Respondents.

-ooOoo-

Plaintiff sued defendant homeowners for premises liability after she tripped on a step in their garage. Defendants moved for summary judgment on the grounds that plaintiff was unable to establish one or more elements of her "Personal Injury-Premises Liability" claim. The trial court granted the motion, concluding plaintiff was unable to prove breach of duty.

On appeal, plaintiff contends triable issues of material fact exist with respect to each element of her cause of action. With regard to breach of duty, plaintiff argues 1) the trial court misapplied the standard for notice of a dangerous condition and 2) the doctrine of negligence per se should have been applied. We disagree with plaintiff's contentions.

We therefore affirm the judgment.

## STATEMENT OF FACTS

In December 2014, plaintiff Theresa Jones visited the home of defendants Clyde and Julia Awad, located in Sonora, California, where plaintiff fell and suffered injuries to her right wrist and humerus. The incident took place on a step that leads from the house to the garage. When exiting the house to enter the garage, one must step down from the parquet floor landing inside the home onto a step with a rattan mat on top of a piece of carpet. From that step, one reaches the garage floor.

The height from the parquet floor down to the step was approximately 10½ inches. The height from the step to the garage floor was approximately seven inches.

The piece of carpet was present on the garage step when defendants moved into the home. Mrs. Awad testified she was unsure when the floor mat was placed on top of the piece of carpet.

As plaintiff was entering the garage, she took her first step down and believed her foot was going to land on the step with the rug. Plaintiff's foot landed on the rug but, "it was like nothing was under the rug. [She] stepped on the rug and … hit the floor." Plaintiff did not observe what happened to the rug when she stepped on it, but later believed that the rug had moved. John Pitsker, defendants' adult son, was in the garage

2.

when plaintiff fell. Though he did not actually see plaintiff fall, Mr. Pitsker testified the floor mat had not moved after plaintiff stepped down, and that the mat was not easily movable.

At the time of the incident, the lighting was sufficient for plaintiff to see where she was stepping. In addition, there was no debris or obstacles covering or otherwise obscuring the steps. The step down into the garage would have been readily seen by an average adult person.

The home of defendants was built in 1977 and was purchased by defendants in 1989. The step where plaintiff fell was in the same configuration at the time of the incident as it was when defendants moved into the home. During the 25 years defendants lived in the home, Julia Awad never tripped or fell on the steps from the house into the garage. Julia Awad is not aware of anyone else ever tripping or falling down the stairs leading from the house to the garage during that time.

The garage steps violated seven provisions of the Uniform Building Code (UBC) at the time plaintiff fell. These violations included: the exterior landing was more than seven and one-half inches below floor level (UBC § 3303(h)); the landing step was not equal to the length of the door (UBC § 3303(h)); the door swung over the top step (UBC § 3303(h)); the step rise was more than eight inches (UBC § 3305(c)); the variation between the largest and smallest rise is in excess of one-fourth inch (UBC § 3305(c)); no handrail was on the open side (UBC § 3305(j)); and the door opening was less than the required 30 inches and the top mat on the stair tread must be 30 inches wide (UBC § 3305(b)). When plaintiff fell, defendants were not aware of any of these code violations.

## PROCEEDINGS

*Defendants' Motion for Summary Judgment*

In September 2017, defendants moved for summary judgment on the grounds plaintiff was unable to establish one or more elements of her premises liability claim.

Defendants argued that (1) the condition of the garage step was open and obvious; (2) defendants had no notice, either actual or constructive, that the garage step was unreasonably dangerous; and (3) plaintiff could not establish the element of causation.

*Plaintiff's Opposition and Defendants' Reply*

In November 2017, plaintiff filed her opposition, arguing there are triable issues of material fact as to each matter raised in defendants' motion. Specifically, plaintiff emphasized the expert testimony of William Neuman, which included his opinion that the cumulation of building code violations in relation to the garage steps created an unreasonably dangerous condition and that plaintiff's injuries were caused by these violations.

Defendants' reply essentially reiterated the arguments laid out in their motion for summary judgment.

*Tentative Ruling*

On December 7, 2017, the trial court issued a tentative ruling granting the motion for summary judgment, which stated that no reasonable jury could find defendants breached their duty of care under the circumstances. The tentative ruling stated:

> "Plaintiff's complaint alleges a single cause of action: 'Personal Injury-Premises Liability.' The undisputed evidence establishes that there was no breach as a matter of law, as no reasonable jury could find that Defendants failed to act with reasonable prudence under the circumstances. The statement of Plaintiff's expert, William Neuman, that the dangerous condition of the stairs was such that Defendants would have or should have recognized multiple dangerous defects is not a proper expert opinion. Therefore, his statement does not raise a triable issue of material fact with respect to breach. Accordingly, Defendants have negated an essential element of Plaintiff's cause of action and are entitled to judgment as a matter of law."

At the December 8, 2017 hearing, plaintiff invoked the doctrine of negligence per se for the first time, based on the seven building code violations. The trial court then

4.

ordered posthearing briefing on the topic of whether building code violations can be the basis for a negligence per se instruction.

Defendants filed rebuttal points and authorities, arguing (1) that the doctrine of negligence per se cannot properly raise a triable issue of material fact because it was not presented in the pleadings, (2) that negligence per se does not apply to building code violations, and (3) that the harm suffered was not caused by any specific building code violation.

Plaintiff subsequently filed a reply brief, citing case law applying the doctrine of negligence per se to building code violations and noting the building code violations identified by plaintiff's expert witness.

*Order Granting Summary Judgment*

In February 2018, the trial court issued its "Order on Motion for Summary Judgment," granting defendants' motion. The trial court concluded that the undisputed evidence showed there was no breach of duty as a matter of law, as no reasonable jury could find that defendants failed to act with reasonable care under the circumstances. The trial court also determined plaintiff's expert's opinion that the dangerous condition of the stairs was such that defendants would have or should have recognized multiple dangerous defects to be inadmissible.

With respect to the application of negligence per se, the trial court's order stated, "the Court is not persuaded by Plaintiff's argument or the legal authority she provided for this proposition." The court determined that because defendants did not do the construction work and did not hire the person who did the work, the doctrine of negligence per se did not apply.

In March 2018, judgment was entered and plaintiff timely appealed.

**DISCUSSION**

I.      BASIC PRINCIPLES GOVERNING SUMMARY JUDGMENT

        A.      Triable Issues of Material Fact

        A party asserting the action has no merit or there is no defense to the action may move for summary judgment. (Code Civ. Proc., § 437c, subd. (a)(1).) The court shall grant a motion for summary judgment, "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) To determine whether a triable issue of material fact exists, the court must consider all evidence laid out in the moving papers and all inferences reasonably deducible from the evidence. (*Ibid.*) A triable issue of material fact exists if, "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 845 (*Aguilar*).)

        B.      Standard of Review

        Appellate courts determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1602.) Upon review, the appellate court applies the same three-step analysis as the trial court. (*Ibid.*) This requires the court to (1) identify the issues framed by the pleadings, (2) determine whether the moving party has established facts justifying judgment in its favor, and (3) determine whether the nonmoving party has demonstrated a triable issue of material fact. (*Ibid.*) In conducting its review, the appellate court must, "view the evidence in a light favorable to plaintiff as the losing party." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Under the three-step analysis, the moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.

6.

(*Aguilar*, *supra*, 25 Cal.4th at p. 845.) Typically, to meet this burden, a defendant moving for summary judgment can either negate an element of the cause of action or demonstrate a complete defense to plaintiff's claim. (*Ibid.*) Only if the defendant meets its initial burden does the burden shift to the plaintiff to show a triable issue exists. (*Ferrari v. Grand Canyon Dories* (1995) 32 Cal.App.4th 248, 252.)

II.     PREMISES LIABILITY

"The elements of a cause of action for premises liability are the same as those for negligence." (*Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998, citing *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*).) Accordingly, the plaintiff must prove, "'a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury.'" (*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 573, quoting *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594.)

Here, plaintiff failed to raise a triable issue of material fact with respect to breach of duty. Therefore, defendants negated an essential element of plaintiff's cause of action and the trial court properly granted defendants' motion for summary judgment.

A.      Duty

Whether an individual owes a duty of care is a question of law for the appellate court to review de novo. (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 770.) California law requires landowners to maintain land in their possession and control in a reasonably safe condition. (*Ann M. v. Pacific Plaza Shopping Ctr.* (1993) 6 Cal.4th 666, 674, disapproved of in part on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 522.) Consequently, landowners are liable for injuries caused by a lack of due care in the maintenance of their property. (*Davert v. Larson* (1985) 163 Cal.App.3d 407, 410.)

However, a generally recognized exception is that landowners have no duty to warn of open and obvious dangers on their property because such dangers serve as warnings themselves. (*Christoff v. Union Pacific Railroad Co*. (2005) 134 Cal.App.4th 118, 126.)

In the present case, defendants owed a duty of care to plaintiff. At the time of the incident, defendants were the owners and possessors of the home where plaintiff fell and was injured. Therefore, defendants had a duty to maintain the premises in a reasonably safe condition.

Furthermore, this case does not fall under the exception to the general duty of care rule because the alleged defective condition of the stairs was not open and obvious. Plaintiff claims it was the unexpected two and one-half to three-inch difference in step height that caused her to fall, and not the step in general. While the existence of the step itself was open and obvious, the indistinct change in elevation between each step would not have been apparent to an individual stepping down. Additionally, the fact that the garage step area was free of debris, cracks, and obstacles would further reduce an individual's expectation of danger. Therefore, this exception does not relieve defendants of their duty of care.

B.      Breach of Duty

While a landowner is not the insurer of a visitor's safety, a landowner must exercise ordinary care by making reasonable inspections of the premises to ascertain whether any dangerous conditions exist on the property. (*Ortega, supra,* 26 Cal.4th at p. 1205.) If a dangerous condition does exist, the landowner must, "'use the care required of a reasonably prudent [person] acting under the same circumstances.'" (*Ibid*, citing *Bridgman v. Safeway Stores, Inc.* (1960) 53 Cal.2d 443, 448.) Failure to do so constitutes a breach of duty of care. (*Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619.)

8.

If the dangerous condition is brought about by third persons, "then to impose liability the owner must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises." (*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806.)  Actual knowledge is defined as "'express information of a fact,'" while constructive knowledge is that "'which is imputed by law.'"  (*In re Marriage of Cloney* (2001) 91 Cal.App.4th 429, 436, citing Civ. Code, § 18.)  The court in *Louie v. Hagstrom's Food Stores, Inc.* (1947) 81 Cal.App.2d 601, 607 applied the test for actual and constructive knowledge as it is described in Restatement (First) Torts section 343:

> "'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care should discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them.'"  (*Louie v. Hagstrom's Food Stores, Inc., supra,* at p. 607.)

Typically, to charge an individual with constructive notice, he must have, "actual notice of facts or circumstances which are sufficient to put a prudent person on inquiry as to the existence of the fact with respect to which he is charged with constructive notice." (*Nicholson v. Los Angeles* (1936) 5 Cal.2d 361, 364.)  Therefore, a landowner cannot be charged with constructive notice without a showing of some overt feature surrounding the dangerous condition, which would notify the landowner of its existence.  (*Ibid.*)

Here, the trial court properly concluded that plaintiff failed to raise a triable issue of material fact with respect to defendants' actual or constructive knowledge of the dangerous condition of the garage steps.  First, with respect to actual knowledge, plaintiff does not challenge the testimony of Julia Awad that defendants were never informed of any UBC violations in the garage step area.  Instead, plaintiff argues defendants had actual knowledge of the dangerous condition because defendants placed the rattan mat,

9.

which violated section 3305(b) of the UBC, on the first step. However, this fact alone is insufficient to raise a triable issue of material fact. While it is true that the rattan mat did not comply with the UBC, it does not necessarily follow that the mat constituted a dangerous condition. (See *Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 928.) Plaintiff does not explain how the failure of the rattan mat to meet the 30-inch width requirement created a dangerous condition.

Plaintiff does not challenge the trial court's ruling sustaining an objection to the statement by plaintiff's expert William Neuman that, "the dangerous condition of the stairs was such that defendants would have or should have recognized multiple dangerous defects." Appellate courts do not consider evidence to which objections have been made and properly sustained. (Code Civ. Proc., § 437c, subd. (c); see *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) Additionally, plaintiff does not dispute the testimony of Julia Awad that during the entire 25-year span that defendants lived in the home prior to plaintiff's fall, neither Mrs. Awad, nor any other visitor, ever tripped or fell as a result of using the garage steps. Plaintiff's only argument is that because of the cumulation of building code violations and the length of time defendants lived in the home, defendants should have recognized the existence of the dangerous condition. However, this is merely a legal conclusion.

Plaintiff fails to point to any conspicuous element of the garage steps that would put a reasonably prudent person on notice of an unreasonable risk of harm. Rather, plaintiff does the opposite, by listing several relatively minor deviations from the standards set forth in the UBC. The number of violations is not significant unless it is shown the violations produced some noticeable feature of the garage steps. Without more, it cannot be concluded that the variation of a few inches is sufficient to raise a triable issue of material fact with respect to constructive notice.

This case is analogous to *Lovell v. Thompson* (2016) 143 A.D.3d 511 [39 N.Y.S.3d 420, 421], where the plaintiff fell down a set of stairs located inside a single-

family home and subsequently sued the homeowners for her injuries. The court refused to charge the homeowners with having constructive notice, reasoning that the homeowners had never been cited for a building code violation with respect to the stairs, the stairs were used regularly, and no one had ever before fallen on the stairs. (*Ibid*.) Similarly, in the present case, plaintiff does not establish a discernible feature of the garage steps that would notify defendants of an unreasonable risk of harm or any prior incidents that would alert defendants to the existence of a dangerous condition. Therefore, plaintiff failed to meet her burden of demonstrating a triable issue of material fact.

III.     NEGLIGENCE PER SE

A.      General Principles

Under the doctrine of negligence per se, compliance with the standard of conduct established by the relevant statute, ordinance, or regulation is adopted as the duty of care. (*Alarid v. Vanier* (1958) 50 Cal.2d 617, 622.) This creates a rebuttable presumption of negligence where the statute, ordinance, or regulation is violated. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 927.) Negligence is presumed if:

> "(1) [the individual] violated a statute, ordinance, or regulation of a public entity; [¶] (2) The violation proximately caused death or injury to person or property; [¶] (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and [¶] (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." (Evid. Code, § 669, subd. (a).)

Negligence per se is an evidentiary doctrine, rather than an independent cause of action. (*Quiroz v. Seventh Ave. Ctr.* (2006) 140 Cal.App.4th 1256, 1285–1286.) It can be applied generally to establish a breach of due care under any negligence-related cause of action. (*Norman v. Life Care Centers of America, Inc.* (2003) 107 Cal.App.4th 1233, 1248.) Therefore, the doctrine of negligence per se is within the scope of pleadings that

11.

allege general negligence, as proof of a breach of duty is not limited to common law standards of care. (*Brooks v. E.J. Willig Truck Transp. Co.* (1953) 40 Cal.2d 669, 680.)

B.   Plaintiff's Allegation/Complaint

Plaintiff's complaint states a single cause of action labeled "Personal Injury-Premises Liability." In the complaint, plaintiff first alleges she, "tripped and fell while stepping down a dangerous, defective and hazardous step at the Defendants' residence, thereby causing injury and damages to Plaintiff." Second, the complaint alleges defendants, "negligently failed and neglected to fix, repair, guard against or remedy [the step] before the subject incident." Third, plaintiff alleges defendants, "negligently caused … or otherwise allowed to exist said dangerous, defective, and hazardous condition in an area allowed for usage by persons lawfully allowed on the premises." Finally, the complaint alleges plaintiff suffered injuries as a direct result of defendants' negligence.

C.   First Step of Summary Judgment Analysis

Summary judgment proceedings usually are limited to the issues framed by the pleadings. (*Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 421.) However, courts are encouraged to take a liberal approach in determining the scope of the pleadings, so long as those pleadings provide adequate notice to the opposing party of the theories on which relief is generally being sought. (*Id.* at p. 422) "The test is whether such a particular theory or defense is one that the opposing party could have reasonably anticipated would be pursued, and whether a request for leave to amend accordingly would likely have been granted." (*Ibid.*, see Code Civ. Proc., § 452 [liberal yet reasonable construction of pleadings].)

Here, negligence per se is within the scope of the issues framed by plaintiff's complaint. Plaintiff's complaint contains a single cause of action labeled "Personal Injury-Premises Liability" and repeatedly uses the term "negligently." (See *Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1142 [premises liability is a negligence-based

12.

claim].)  Because negligence per se can apply generally to any negligence-based cause of action, we conclude plaintiff's allegations of negligence via premises liability put defendants on notice of the potential application of negligence per se to establish breach of duty.

D.     Application of Negligence Per Se to the Facts of this Case

While courts have applied negligence per se to building code violations, it has only been applied in limited situations.  For instance, every case cited by plaintiff involved a defendant who played a professional role in the design or construction of the building.  In *Krusi v. S.J. Amoroso Constr. Co.* (2000) 81 Cal.App.4th 995, the purchasers of a two-story commercial building sued the architects and contractors who designed and constructed the building.  In *Huang v. Garner* (1984) 157 Cal.App.3d 404, purchasers of an apartment building sued the building designer for the project and the project's civil engineer.  In both *Morris v. Horton* (1994) 22 Cal.App.4th 968 and *Keru Investments, Inc. v. Cube Co.* (1998) 63 Cal.App.4th 1412, property owners sued the individuals who performed the construction work.  On the other hand, the court in *Gravelin v. Satterfield* (2011) 200 Cal.App.4th 1209 declined to assign ordinary landowners the duty to comply with building code requirements generally.

The facts of the present case do not give rise to an application of negligence per se.  Defendants were simply homeowners and did not take part in any aspect of the design or construction of the garage step area.  Defendants never had any knowledge of the building code violations, which existed when they purchased the home in 1989, and never experienced any incidents with the garage steps until plaintiff's fall in 2014.

In addition, the presence of a building code violation does not automatically render defendants at fault.  The violations in this case are relatively minor, with several features of the garage step area listed by plaintiff deviating a few inches or less from the

standards required by the UBC.  Therefore, case precedent does not favor application of negligence per se to the facts of this case.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.

_____\
FRANSON, J.

WE CONCUR:

_____
DETJEN, Acting P.J.

_____
SMITH, J.

14.

Filed 9/16/19

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THERESA A. JONES,<br><br>    Plaintiff and Appellant,<br><br>       v.<br><br>CLYDE AWAD et al.,<br><br>    Defendants and Respondents. | F077359<br><br>(Super. Ct. No. CV60288)<br><br><br>**ORDER GRANTING REQUEST FOR PUBLICATION AND DENYING REHEARING** |

As the nonpublished opinion filed on August 22, 2019, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

Appellant's petition for rehearing filed on September 6, 2019, in the above referenced case is hereby denied.

FRANSON, J.

WE CONCUR:

DETJEN, Acting P.J.

SMITH, J.