Suero v Villa Maria Academy (2019 NY Slip Op 08774)





Suero v Villa Maria Academy


2019 NY Slip Op 08774


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10499 301272/15

[*1] Elvis Suero, Plaintiff-Appellant,
v
Villa Maria Academy, Defendant-Respondent, The Archdiocese of Notre Dame, Defendant.


Levine & Gilbert, New York (Harvey A. Levine of counsel), for appellant.
Connell Foley LLP, New York (Brian P. Morrissey of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 31, 2019, which granted the motion of defendant Villa Maria Academy (VMA) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
VMA established prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that he was injured when he slipped and fell while descending an exterior stairway that led to a classroom in the basement of VMA's building. VMA submitted evidence, including an expert's report, showing that no dangerous condition existed on the premises; the stairwell met all applicable building code requirements and tested above the industry standard to qualify as a highly slip-resistant surface (see Ceron v Yeshiva Univ., 126 AD3d 630, 631-632 [1st Dept 2015]).
In opposition, plaintiff failed to raise a triable issue of fact. While plaintiff testified that it was not raining when he fell, but it had rained earlier in the day, "mere wetness on a walking surface due to rain is insufficient to raise a triable issue of fact" (Mermelstein v East Winds Co., 136 AD3d 505, 505 [1st Dept 2016]). Furthermore, the opinions of plaintiff's expert failed to raise an issue of fact (see Budano v Gurdon, 110 AD3d 543 [1st Dept 2013]). The expert did not conduct any wet dynamic slip-resistance testing on the stairwell. He opined that the stairwell violated a code provision that is inapplicable to the stairwell (see Hernandez v Callen, 134 AD3d 654 [1st Dept 2015]). Plaintiff's expert's contention that the varying stair heights created an unbalanced condition is also unavailing. Plaintiff's expert failed to provide any engineering standard to support his contention that such a minor height differential would create a dangerous condition (see Lovell v Thompson, 143 AD3d 511 [1st Dept 2016]). Notably, plaintiff never suggested that any height differential caused him to become unbalanced at any point before his fall.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK